LOTTINGER, Judge.
Plaintiff, General Electric Company, brought suit against the defendant, L. Barbee Ponder, on an open account in the sum of $5,579.68. The trial court gave judgment for plaintiff as prayed for and defendant appealed. The correctness of the account is not disputed. Appellant assigned as error the judgment insofar as it holds him personally liable for the account.
The Long Beach Motor Hotel Corporation, of which defendant is President, operates a motel in Long Beach, Mississippi, and sought to replace certain equipment in the motel. The following are the facts surrounding this transaction. On March 30, 1966, General Electric submitted quotations for twenty-four air conditioners together with certain accessories addressed to Mr. L. Barbee Ponder in care of “Ponder Hotel, Amite, Louisiana.” On April 5, 1966, defendant executed a purchase order in the name of the Long Beach Motor Hotel Corporation by him as President of the corporation but this purchase order was not accepted by General Electric. Mr. Fred J. Smith, sales representative of the plaintiff at that time, testified that General Electric would not accept the order as the quotations had been made to Mr. Ponder personally and their credit department would not accept the credit of the corporation. Thereafter, another quotation for the air conditioners was sent to the defendant by letter dated April 15th with instructions to defendant to “[p] lease sign where indicated (L. Barbee Ponder).” This quotation was also changed to show a different type air conditioning unit at a different price. The original quotation was for an RB744 General Electric air conditioner at a price of $246 each, and this was corrected on the purchase order of April 15th to show an RB444D General Electric air conditioner at a price of $215 each. Typed on this order form by the plaintiff in the *787 space designated “purchaser” is the name “Mr. L. Barbee Ponder.” The defendant executed the order as directed by signing his name “L. B. Ponder” hut evidently sought to limit his personal liability thereon by adding after his signature in the space designated “title” the word “Pres.” This quotation is addressed to Mr. L. Barbee Ponder in care of the Ponder Hotel, Amite, Louisiana, and designates the place of delivery as the Long Beach Motor Lodge, Highway 90, Long Beach, Mississippi. The purchaser designated on the order was not the Long Beach Motor Hotel Corporation but the defendant L. Barbee Ponder. The purchase order was personally addressed to him and he was particularly asked in the letter transmitting said order to sign his name “L. Barbee Ponder.”
Other evidence bearing on the question of whether the plaintiff was dealing with the defendant or the corporation consisted of prior sales to the defendant rather than to the corporation, and in the only instance in the record involving a sale to the corporation, the personal guaranty of the defendant was required. Also included in the amount sued for was one refrigerator for the price of $135, and the invoice therefor also shows that it was sold to “L. Barbee Ponder c/o Ponder Hotel, Amite, Louisiana.”
Despite the denials of the defendant that the plaintiff well knew that they were dealing with the corporation rather than the defendant personally, this contention was evidently rejected by the trial court. Our review of the record convinces us that the findings of the trial judge in this regard are amply supported by the evidence and are not erroneous.
Defendant also contends that because of the plaintiff’s knowledge that the air conditioning units were to be shipped to the Long Beach Motor Hotel and because of their knowledge as evidenced by the original purchase order showing the purchaser of the units to be the corporation, they knew or should have known that when defendant signed his name and followed his signature with “Pres.” that he was acting on behalf of the corporation rather than for himself. With this contention we are unable to agree. While it is true that plaintiff possessed such knowledge, the conclusion that the defendant was signing for the corporation when he added the word “Pres.” after his signature does not follow in light of the preponderance of the evidence supporting plaintiff’s position that it dealt with the defendant rather than the corporation. Under these circumstances we believe that the defendant should have been more explicit if it was his intention when he signed the purchase order to bind the corporation rather than himself.
For the above and foregoing reasons, the judgment of the trial court is affirmed, all costs of this appeal to be paid by defendant-appellant.
Affirmed.