316 So.2d 111 (1975)
Randy WEBSTER
v.
Chester RUSHING et al.
No. 55789.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
*112 James A. Wood, Baton Rouge, for plaintiff-applicant.
Frederick Kroenke, Jr., McCollister, Belcher, McCleary & Fazio, Baton Rouge, for defendant-respondents.
MARCUS, Justice.
Randy Webster, a loan broker, instituted this suit seeking to recover from defendants Chester Rushing and LaBelle Aire, Inc. a sum due under a contract he entered into with defendants; said sum represents a fee for services rendered by plaintiff in securing a mortgage loan for defendants. Plaintiff further sought damages on the ground that defendants' failure to perform caused him embarrassment and mental anguish as well as loss of prestige in the business community. The district judge rendered judgment in favor of plaintiff and against defendants, in solido, in the sum of $18,250.00, representing the first year's commission on $1,000,000.00 of life insurance as contemplated under the contract. The trial judge rejected plaintiff's claim for damages. Defendants appealed. Plaintiff did not appeal, nor did he answer defendants' appeal. The court of appeal reversed, dismissing plaintiff's suit on the finding that plaintiff was not registered as a loan broker as provided by law and thus was prevented from recovering under the contract by the provisions of R.S. 51:715(F).[1] Upon application of plaintiff to this court, we granted certiorari.
The facts are not in dispute. Desirous of obtaining a mortgage loan for the purpose of constructing an apartment complex, Chester Rushing contacted Randy Webster seeking his services in obtaining the required financing. It was agreed by the parties that, as a fee for his services, plaintiff would take one percent (1%) of the $2,500,000.00 loan. After early attempts to secure financing failed, the parties agreed that Webster should continue his endeavors and, if successful, Rushing and his business associates in the apartment complex would purchase $1,000,000.00 of life insurance from plaintiff, who was also an insurance agent. It was further agreed that the commission received by Webster on the life insurance would be in lieu of the one percent (1%) commission on the loan.
After about one and a half years of negotiation, plaintiff was successful in obtaining a commitment for the loan. Ultimately, the apartment complex was completed, and the permanent loan was funded. Thereupon, plaintiff called upon Rushing to fulfill the obligation to purchase the life insurance under the contract. The Rushing group completed the required physical examinations. Some of the policies were issued to the group; however, members refused to accept the policies and pay the premiums.
As a result, plaintiff brought this suit, in which he alleges that he is in the business of brokering mortgage loans and, pursuant to the contract between the parties, he is entitled to the commission he would have received on the life insurance policies if defendants had complied with their agreement *113 or, alternatively, one percent (1%) of the amount of the loan plus damages. Defendants filed a general denial to plaintiff's petition.
The court of appeal found, as did the trial court, that plaintiff had carried his burden of proving that a contract was entered into between the parties, that plaintiff had performed his obligations under said contract, and that defendants had breached the contract by their failure to purchase the agreed insurance. These conclusions could hardly be disputed from a review of the record, and we concur therein.
However, the court of appeal further concluded that plaintiff was nonetheless precluded from recovering under the contract since he was not registered as a loan broker as required under the law and was thus prohibited from basing a suit on a right acquired under the contract by the provisions of R.S. 51:715(F). We do not agree with this result for the reasons as hereinafter set forth.
Clearly, under the provisions of R.S. 51:701(8), effective at the time of the contract herein sued upon, the services of plaintiff rendered to defendants were that of a loan broker.[2] Loan brokers must be examined and registered in accordance with R.S. 51:710.[3] Absent such examination and registration, a person acting as a loan broker is prohibited under R.S. 51:715(F) from basing any suit on such contract.[4] It is not disputed that plaintiff was not then, nor has he ever been, licensed and registered as a loan broker with the commissioner of securities of this state as required by R.S. 51:701 et seq, the Securities Blue Sky Law. Furthermore, it is quite clear from the plain provisions of R.S. 51:715(F) that plaintiff would ordinarily be prohibited from recovering under the contract herein sued upon. However, we find merit in plaintiff's contention that, in spite of this prohibition, he is nevertheless entitled to recover under the contract.

ISSUE
There are two aspects to the resolution of the issue. First, whether the failure of plaintiff to register as a loan broker, resulting in a prohibition to his bringing a suit based upon the contract, is an affirmative defense which must be specially pleaded. Second, whether the pleadings were enlarged by the evidence adduced without objection to include this defense.

*114 I.
Even before the adoption of the 1960 Code of Civil Procedure, a defendant had to plead special defenses affirmatively in his answer.[5] Presently, it is provided in article 1003 of the Code of Civil Procedure that the answer "shall set forth all affirmative defenses as required by Article 1005."[6]
Article 1005, in addition to listing certain affirmative defenses[7] which must be specially pleaded, contains the omnibus recital "and any other matter constituting an affirmative defense." (Emphasis added.) Thus, the listing of the named affirmative defenses in this article are merely illustrative. An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits.[8] In the instant case, the defense that plaintiff was not a registered loan broker and was thus precluded from recovering under the contract raises a new issue which, assuming the allegations of plaintiff's petition to be true, would defeat plaintiff's claim on the merits. Hence, it was clearly an affirmative defense which was required to be specially pleaded.

II.
The purpose of pleading a special defense is to give fair and adequate notice of the nature of the defense so that plaintiff is not surprised. Here, no mention of this defense was made in either defendants' answer (general denial) or in the pretrial order. The question as to the applicability of the prohibition of R.S. 51:715(F) was thus not put at issue.[9] During cross-examination of plaintiff, defense counsel for the first time attempted to raise this issue by asking Webster if he were registered or licensed with the commissioner of securities. Plaintiff replied that he was not. Objection was immediately made to this line of questioning, which was sustained, and no further questioning was permitted on the issue. The general rule established by the jurisprudence is that pleadings may be enlarged by evidence adduced without objection when *115 such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely.[10] Further, article 1154 of the Code of Civil Procedure provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading.. . ." Here, the statutory defense, not raised by the pleadings, was not tried either by the express or implied consent of the parties. In other words, the pleadings were not enlarged by the evidence to include this defense as a result of plaintiff's timely objection.

CONCLUSION
In sum, the claim of defendants that plaintiff is barred from recovering under the contract because of the statutory defense contained in R.S. 51:715(F) is an affirmative defense which must be specially pleaded under articles 1003 and 1005 of the Code of Civil Procedure. Further, the pleadings were not enlarged by the evidence to include this defense as a result of plaintiff's timely objection. Accordingly, plaintiff is entitled to recover the sum of $18,250.00, representing the first year's commission on $1,000,000.00 of life insurance as contemplated under the contract. This is in accordance with the findings of the trial court.
However, in our examination of the record, we find no basis for holding Chester Rushing solidarily liable with LaBelle Aire, Inc. The contract sued upon is signed only by Rushing in his capacity as president of the corporation. Further, the evidance is clear that Rushing at all times disclosed his representation of the corporation and never led plaintiff to believe that he intended to become personally bound for the obligation herein sued upon. Accordingly, the trial court erred in casting Rushing in solido with LaBelle Aire, Inc. and that portion of the judgment must be amended.
Further, we need not consider plaintiff's claims for an increase in the award under the contract and damages for mental anguish and embarrassment. These claims were rejected by the trial court, and plaintiff neither appealed nor answered defendants' appeal.

DECREE
The judgment of the court of appeal is reversed; the judgment of the district court is reinstated only insofar as there is judgment against defendant, LaBelle Aire, Inc., and in favor of plaintiff, Randy Webster, in the sum of $18,250.00, together with legal interest thereon from date of judicial demand until paid. All costs of these proceedings to be paid by defendant.
NOTES
[1] 304 So.2d 66.
[2] R.S. 51:701(8) formely provided (Act 61 of 1969):

"Loan broker" means any person who engages in the business of purchasing wages or salaries or who acts as a go-between, finder or agent of a lender or borrower of money for the purpose of procuring a loan of money, or who engages in the business of guaranteeing or endorsing notes and other evidences of indebtedness. "Loan broker" does not include any business approved by the Federal Housing Administration as an approved mortgagee, insofar only as any of its mortgage loan business is concerned, nor shall it include any business which is otherwise regulated or supervised by any agency of the Federal or State government or any corporation not considered to be transacting business in this state under the provisions of R.S. 12:302.
This portion of Section 701 was amended by Act 493 of 1974 so that it now reads:
"Dealer" shall mean "broker-dealer" as defined in this section.
[3] Formerly, Section 710 of Title 51 of the Louisiana Revised Statutes provide that no person shall engage in business in this state as a broker-dealer or agent-salesman or sell any securities unless he had been registered as such in the office of the commissioner pursuant to the provisions of this section. La.Acts 1969, No. 66, now amended by La.Acts 1974, No. 493.
[4] R.S. 51:715(F) recites:

No person who has made or engaged in the performance of any contract in violation of any provision of this Part or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.
[5] Cf. former article 327 of the Code of Practice, and the Pleading and Practice Act, R.S. 13:3601(2).
[6] The full text of this article (1003) is:

The answer shall comply with Articles 853, 854, and 863 and, whenever applicable, with Articles 855 through 861. It shall admit or deny the allegations of the petition as required by Article 1004, state in short and concise terms the material facts upon which the defenses to the action asserted are based, and shall set forth all affirmative defenses as required by Article 1005. It shall also contain a prayer for the relief sought. Relief may be prayed for in the alternative.
[7] Article 1005 of the Code of Civil Procedure (1960) states:

The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
[8] See Williams v. Fisher, 79 So.2d 127 (La. App.1955); Solomon v. Hickman, 213 So.2d 96 (La.App.1968). Black's Law Dictionary Fourth Edition, defines "affirmative defense" as: "New matter constituting a defense; new matter which, assuming the complaint to be true, constitutes a defense to it."
[9] In certain instances, factual allegations in an answer may be considered adequate as an affirmative defense. See, e.g., Paxton v. Ballard, 289 So.2d 85 (La.1974). So long as the facts pleaded to give the opposing party adequate notice of the defense, it is not necessary to label the special defense. Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). Such is not the case in the present matter.
[10] See Austraum v. City of Baton Rouge, 282 So.2d 434 (La.1973); Pond v. Campbell, 251 La. 921, 207 So.2d 535 (1968); Stanley v. Jones, 201 La. 549, 9 So.2d 678 (1942); Hope v. Madison, 192 La. 593, 188 So. 711 (1939).