345 So.2d 1226 (1977)
Denis R. LANGHANS et al., Plaintiffs-Appellees,
v.
Harold E. HALE, Defendant-Appellant.
No. 11189.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*1227 Robert R. Thorne, Slidell, for plaintiffs-appellees.
Wendell E. Tanner, Slidell, for defendant-appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This suit for an injunction alleges the violation by the defendant of a zoning ordinance of St. Tammany Parish, Louisiana, which prohibits the placing of house trailers in certain subdivisions therein.
More particularly, the defendant is the owner of Lot 26, Square 4, of Lindberg Glen Annex, No. 2, Ward 8, located in Slidell, Louisiana. In March and June, 1973, Hale placed two mobile homes on that lot for the use of his daughters. As property owners in that subdivision, the plaintiffs have brought this suit to prohibit that action alleging that the defendant has violated the provisions of St. Tammany Parish Ordinance No. 523, effective January 1, 1972, as it pertains to the A-4 single family residential category set out therein. The sections upon which the plaintiffs rely are as follows:
Section 2.6 A-4 Single Family Residential District
2.601 In A-4 Single Family Residential District uses permitted in A-3 Suburban; . . .
2.501 In A-3 Suburban District only the following uses of property shall be permitted: single-family dwelling; . .
9.61 Dwelling: a building or portion thereof designed exclusively for residential occupancy, including one-family, two-family, and multiple-family dwellings, but not including hotels, boardinghouses, lodginghouses, or house trailers, whether such trailers be mobile or located in a stationary fashion as on blocks or other foundation.
In response to the plaintiffs' petition, the defendant filed only a general denial until the day of the trial, at which time a peremptory exception alleging the unconstitutionality of the ordinance was entered. During the trial, without further amendment *1228 of the pleadings, the defendant attempted to prove a non-conforming use of the premises prior to the effective date of the ordinance. That proof was objected to by the plaintiffs on the ground that non-conforming use is an affirmative defense which had not been pled. Judgment was subsequently rendered for the plaintiffs.
In its written reasons for judgment, the court concluded that the ordinance was not unconstitutional, that the plaintiff had proven its case, and that its objection to the defendant's proof of a non-conforming use as indicated above was proper. We affirm.
Defendant attacks the constitutionality of Ordinance No. 523 on the ground that it does not comply with the Enabling Act enacted by the Louisiana Legislature, which is Act 518 of 1954. That act authorized the police jury to:
"* * * regulate the construction and use of property within the Parish for the `purpose of promoting health, safety, morals, or the general welfare of the community * * *.' (Act 518, Sec. 1).
"* * *
"`* * * divide the said Parish into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this act; and within such districts it may regulate * * *. All such regulations shall be uniform * * * throughout each district, but the regulations of one district may differ from those in other districts.' (Act 518, Sec. 2).
"* * *
"`* * * in accordance with a comprehensive plan and design to lessen congestion in the public streets; to secure safety from fire, to promote health and the general welfare; to provide adequate light and air; to avoid undue concentration of population * * * (and) shall be made with reasonable consideration, among other things to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the values of buildings and encouraging the most proper use of land throughout such municipality.' (Act 518, Sec. 3.)"
The appellant contends that because no provisions were made in the plan for the zoning of Ward 5 and 6 and because the parish, as a whole, was not divided into districts, that the enabling act had not been followed. Similar contentions were made in Jameson v. St. Tammany Parish Police Jury, 225 So.2d 720 (La.App. 1st Cir. 1969). There it was argued that the police jury failed to zone according to a "comprehensive plan" as directed by Act 518. After thoroughly reviewing the jurisprudence, this court noted that a zoning ordinance is presumed valid and will be upheld unless it is clearly and palpably in contravention of the enabling act or is arbitrary or unreasonable.
In interpreting Act 518, the majority further said:
"It is obvious from the reading of Section 2 above that the Act contemplated the creation of zoning districts. Nowhere is found any requirement that the whole Parish be divided into districts before any single district could be created. To the contrary, the Police Jury is specifically authorized to `divide the said Parish into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this Act.' * * *"
The dissent filed therein specifically concurred in those conclusions, to wit:
"In the case at hand the statute expressly provides for a `comprehensive plan'. The majority have held that the requirement of a comprehensive plan does not necessitate immediate zoning of the parish in its entirety. In this conclusion I agree."
Thus, it has been previously decided that Act 518 does not require immediate parish-wide zoning or districting. The decision of the police jury to exclude Wards 5 and 6 from the present districting is, therefore, consistent with the terms of the act. Further, for the reasons also expressed in Jameson, that action is not constitutionally arbitrary or unreasonable.
*1229 The appellant contends that its answer in the form of a general denial is sufficient to allow it to have offered proof as to a non-conforming use of this property. Code of Civil Procedure, Art. 1005 provides:
"The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation."
In addition to those specifically listed in that article, an affirmative defense can be any response by defendant which raises new matter which, assuming the allegations of the petition to be true, constitutes a defense to the action which will have the effect of defeating the plaintiff's suit on the merits. Webster v. Rushing, 316 So.2d 111 (La.1975); Soloman v. Hickman, 213 So.2d 96 (La.App. 1st Cir. 1968).
The defense of non-conforming use is one contemplated by Art. 1005 and the jurisprudence cited above. It raises a new issue in response to the plaintiffs' demand which would absolutely defeat that suit if proven. Therefore, it should have been specially pleaded and may not be proven over the plaintiffs' timely objection, which was present here. On the merits, the plaintiff introduced adequate proof in support of its demands. It was shown that the defendant placed house trailers on the property in question after the effective date of Ordinance 523 and in violation thereof. Therefore, the appellees are entitled to the relief prayed for and the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.