STOULIG, Judge,
concurring.
I respectfully concur.
*279 The affirmative defense of accord and satisfaction, while not specially pleaded as required by C.C.P. art. 1005, was nonetheless before the court because testimony was admitted — to which no objection was raised — that would set forth this special defense. Failure to object to evidence that would establish an affirmative defense enlarges the pleadings. Webster v. Rushing, 316 So.2d 111 (La.1975), and Red Barn Chemicals, Inc. v. Lassalle, 350 So.2d 1315 (La.App.3d Cir. 1977). C.C.P. art. 1154.
A photostatic copy of a check allegedly tendered to plaintiff as payment in full was introduced in evidence without objection and an undated and unsigned letter that allegedly accompanied the document was also read into the record without objection. The letter explained the enclosed check was payment in full. Both the check and the letter were discussed at length before plaintiff’s counsel objected, and his complaint did not concern introduction of evidence to establish an unpleaded affirmative defense. Rather it challenged the competency of the evidence.
The best evidence rule, simply stated, is the requirement that one carrying the burden produce the best proof that the nature of the thing will afford. McCormack Evidence, 2nd Edition, page 559. In this case the original document (the check tendered and negotiated) is not the best evidence; photostatic copies of the bank’s records on which the check was drawn would be. The trial court pointed this out during the course of the trial, noting that the “in full” notation on the face of the check could have been added after the cheek was negotiated. However, the bank records of this transaction would establish whether this verbiage was on the check at the time plaintiff deposited it. The bank records were never produced or filed although the attorney for plaintiff indicated they would be.
The fact of whether the letter was or was not written is a matter of credibility. Since the letter is merely corroborative in nature, it lacks probative value because the bank photostat of the check was never produced.
Therefore, while defendant succeeded in enlarging the pleadings with unobjected to testimony, it nonetheless failed to carry the burden of proving its special defense because the secondary evidence tendered was insufficient without an explanation why the best evidence was not presented at the trial.