375 So.2d 206 (1979)
W. D. WEST, Plaintiff-Appellant,
v.
CITY OF LAKE CHARLES et al., Defendants-Appellees.
No. 7081.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1979.
Rehearing Denied October 12, 1979.
Writ Refused November 30, 1979.
*207 Hunt, Godwin, Painter & Roddy, Fred R. Godwin, Lake Charles, for plaintiff-appellant.
McHale, Bufkin & Dees, Michael K. Dees, Lake Charles, for defendants-appellees.
Before SWIFT, STOKER and DOUCET, JJ.
SWIFT, Judge.
In this suit plaintiff, W. D. West, seeks a writ of mandamus to compel the rezoning from R, "Limited Residential District", to B-3, Central Business District", of the south 13 acres of his 20 acre tract of land situated at the northeast corner of East McNeese Street and Louisiana Avenue in Lake Charles, Louisiana, so that a shopping center can be constructed thereon. Named as defendants are the City of Lake Charles, its mayor and the members of the city council.
McNeese Street runs east and west. Louisiana Avenue forms a "T-intersection" therewith, extending to the north. Both are major traffic arteries of the city.
Generally speaking, the areas to the north and west of the plaintiff's unimproved 20 acre tract have been developed for residential purposes. The areas to the east and south are mostly undeveloped agricultural lands.
Located on the property south of McNeese Street and west of the intersection is Forrest K. White Elementary and Junior High School. The land on the north side of McNeese west of Louisiana Avenue is zoned B-2, "Community Service District", for a depth of 160 feet and there are a few business establishments thereon. Immediately to the north of this strip across Louisiana Avenue from plaintiff's property is Cherry Hill Subdivision which, of course, is zoned R. The property south and east of the intersection lies outside the city limits and is unzoned. The land to the east of plaintiff's tract on the north side of McNeese Street is within the city limits and is zoned R.
In 1946 Mr. West purchased a 30 acre tract which included the subject property for the sum of $9,000.00. He has since spent $21,200.00 for paving adjacent to the 20 acres which he still owns. He now has an opportunity to lease 13 acres thereof for 55 years for a shopping center. On the basis of the income to be derived therefrom the real estate appraiser who testified on plaintiff's behalf estimated the value of the property to be $550,000.00. If this land is rezoned and the transaction is consummated the other seven acres are to be dedicated to the city for a public park.
When the plaintiff first acquired the property it was situated outside the city limits of Lake Charles and was not zoned. Following annexation in 1950, it was classified as residential. Thereafter, its zoning was changed on adoption of various ordinances. From 1956 until 1972 that portion of the tract fronting on Louisiana Avenue to a depth of about 500 feet was classified as commercial. However, since 1972, the classification of the entire property has been R which includes single family dwellings and townhouses.
On February 8, 1978, Mr. West filed an application to change the classification of his property to B-3 which permits the operation of neighborhood shopping centers. The Lake Charles Planning and Zoning Commission approved the request and recommended the zoning change to the city council. The council held a hearing on April 19, 1978, and denied plaintiff's application by a vote of four to two. This mandamus proceeding was then filed in the district court. From an adverse ruling after a lengthy trial, the plaintiff has appealed.

COMPREHENSIVE PLAN
The plaintiff's first four specifications of error relate to the question of whether the city council's action in this case *208 conformed to a "comprehensive plan" as required by LSA-R.S. 33:4723. That statute reads as follows:
"The regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the public streets, secure safety from fire, promote health and the general welfare, provide adequate light and air, avoid undue concentration of population, and facilitate adequate transportation, water supply, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the values of buildings and encouraging the most appropriate use of land throughout the municipality."
The plaintiff contends that the comprehensive zoning plan for Lake Charles is contained in the report of the engineering firm of Howard, Needles, Tammen & Bergendoff entitled "Lake Charles Metropolitan Transportation Study", which was made in 1966 at the request of the Louisiana Department of Highways, and also a document entitled "Goals and Policies for Planning and Development of the City of Lake Charles, Louisiana", which was prepared by the city planning department and approved by the planning and zoning commission on July 11, 1977. In the Howard, Needles, etc. report the subject property is shown as being designated for commercial use in 1985. Both documents have been referred to and used by the city planners in their work. However, neither has been approved nor adopted by the city council through official action and we do not believe either document was ever intended by the council to be the comprehensive zoning plan for Lake Charles required by the enabling act. Instead, like the trial judge, we are convinced that City Ordinance No. 4526 entitled the "Comprehensive Zoning Law of the City of Lake Charles" itself constitutes such plan.
There is little Louisiana jurisprudence on the subject. However, in Jameson v. St. Tammany Parish Police Jury, 225 So.2d 720 (La.App. 1 Cir. 1969), it was held that where an ordinance created a zoning district, the entirety of which was designated for residential use, the statutory requirement of a comprehensive plan was satisfied even though no policy had been adopted as to zoning of the parish as a whole except that it should remain unrestricted until such time as petitions were presented for zoning a particular area. In reaching this conclusion the court necessarily determined that the zoning ordinance itself constituted a sufficient comprehensive plan within the meaning of the enabling act because there was no evidence of any other plan in the record. See also Langhans v. Hale, 345 So.2d 1226 (La.App. 1 Cir. 1977); and Dawson Enterprises, Inc. v. Blaine County, 98 Idaho 506, 567 P.2d 1257 (1977).
City Ordinance No. 4526 sets forth the manner in which the zoning regulations, restrictions and boundaries of the districts in Lake Charles shall be determined, established and enforced, and from time to time changed, as required by LSA-R.S. 33:4724. It contains detailed descriptions of the 13 separate zoning classifications or districts and the uses to which the property therein may be put. All of the land in the city has been classified by the council in accordance therewith after extensive and serious study. The ordinance further provides that lands annexed in the future are to be classified temporarily as limited residential for 90 days pending a planning and zoning commission study and formal classification by ordinance of the city council after public hearings. Generally, this ordinance provides a scheme of uniformity in zoning to be followed by the city council for the benefit of the community as a whole as provided in LSA-R.S. 33:4723.
We are in complete accord with the trial judge's conclusion that Ordinance No. 4526, as amended, constitutes the comprehensive zoning plan for Lake Charles and that the city council's action in this instance was taken in pursuance thereof.

*209 REASONABLENESS OF THE COUNCIL'S ACTION
The plaintiff further contends the trial judge erred in his determination that the denial of rezoning by the city council was not unreasonable and arbitrary. His position is that the council's decision was based principally on the purely personal opposition of the voters residing in the area rather than the evidence presented at the hearing.
Recently, in Kirk v. Town of Westlake, 373 So.2d 601 (La.App. 3 Cir. 1979), this court reiterated the general rules for judicial review of zoning regulations set forth in Hardy v. Mayor and Board of Aldermen, City of Eunice, 348 So.2d 143 (La. App. 3 Cir. 1977), writ denied 350 So.2d 1212 (La.1977). It is well settled in our jurisprudence that duly enacted zoning ordinances are presumed to be valid. They will be upheld unless the attacker clearly establishes that the governing authority was arbitrary or unreasonable, or that its action was unconstitutional. Also, a court will not substitute its views for those of the governing body unless it appears that there has been an abuse of discretion or excessive use of power. In summary we said:
"Judicial power will be brought to bear only when there has been an abuse of discretion or an excessive use of power, or when it can be shown that the action taken by the authorities is unreasonable or arbitrary, or does not bear a satisfactory relationship to the public health, safety, or morals.
"Plaintiff's burden in the instant case was not only to show that his requested change would be a reasonable one, but also that the municipality's classification of the property was unreasonable."
The plaintiff introduced considerable evidence which indicated that his property was best suited for commercial development, and this seems clear from his own financial standpoint as his expected return from the proposed shopping center lease appears to be considerably in excess of what the land would bring for single family residential development. The planning board recommended the property be rezoned to B-3 for a shopping center. Both the former and present city planner were of the opinion that the tract was best suited for commercial usage and that such development would not produce any undue safety hazards to children attending the nearby school or increase traffic congestion along Louisiana Avenue and West McNeese Street. Also, there are other businesses located on the north side of McNeese to the west of Louisiana Avenue and more in the general area some distance away.
However, the record indicates that there is sufficient evidence to support an objective determination that the property should remain classified as limited residential, which would include townhouse developments, rather than be rezoned B-3 for a shopping center. The vast majority of the developed land in this general area is residential. Members of the city police department testified that while the increase of traffic generated by the shopping center would not create any undue hazards it could add to the various school safety and traffic problems. The Calcasieu Parish School Board formerly opposed the rezoning of the property and the principal of Forrest K. White School testified that commercial development of the tract would produce increased problems at the school. There was testimony that the Contraband Bayou water shed drainage area in which this tract is located was already strained, and the city engineer said that after a heavy rain more water would drain towards the bayou from a shopping center than from a single family residential development. Also, the plaintiff's real estate appraiser admitted the tract had considerable financial potential if townhouses were constructed thereon.
Most of the residents of nearby Cherry Hill Subdivision were adamantly opposed to the construction of a shopping center on plaintiff's land. However, this was not the only evidence presented at the meeting upon which the council could have based its final determination. Clearly, the opposition of these residents weighed heavily upon the *210 minds of the members of the city council. However, the trial judge concluded that the council also based its determination upon an analysis of the objective evidence presented. We cannot say that he was clearly wrong in this respect.
From our review of the record we believe the plaintiff has failed to meet his burden of proof to establish that the municipality's classification of the property was unreasonable or arbitrary. We do not find that there has been an abuse of discretion or excessive use of power by the city council in refusing to rezone same.
For the foregoing reasons the judgment of the district court is affirmed at plaintiff-appellant's costs.
AFFIRMED.