CHEHARDY, Judge.
Defendant, Daniel E. Thiele, appeals a trial court decision granting judgment against him and in favor of the plaintiff, Mike’s Service Station Supply, Inc. (Mike’s), in the amount of $386.09 together with legal interest from the date of judicial demand and for all costs of the proceedings for purchases allegedly made by the defendant from Mike’s.
The defendant in this case had been doing business with the plaintiff as an individual under the business name of Danny’s Automotive Repair for a number of years *561 prior to his incorporation of the establishment under the name of Danny’s, Inc. (Danny’s), in October of 1975. In 1976 the corporation ceased to operate, leaving an unpaid balance on the account in suit.
At the trial the plaintiff introduced invoices of purchases made by the defendant (or Danny’s) and all signed by Thiele or his employees at the time of the sales, thereby establishing the unpaid indebtedness to Mike’s. All evidence introduced concerned purchases made after the date of Danny’s incorporation.
Defendant introduced a copy of the articles of incorporation of Danny’s, Inc., a certificate of incorporation signed by the Secretary of State of Louisiana, and checks printed “Danny’s, Inc.” Thiele also produced photographs showing that a large sign in front of his business establishment read “Danny’s, Inc.”, and that his employees were issued new uniforms at the time of the incorporation which bore the insignia “Danny’s, Inc.” Stationery, a check stamp and a citizens band radio license-all in the name of Danny’s Inc.-were also introduced by the defendant.
Plaintiff, on the other hand, demonstrated Thiele’s account at Mike’s had not been changed from “Danny’s Automotive Repair” to “Danny’s, Inc.” and also produced two checks written by the defendant to Mike’s, after the 1975 date of incorporation, which still bore the name “Danny’s Automotive and Truck Service”; however, these checks were embossed with the Danny’s, Inc. check stamp. We also note, and consider as most important, that all of the bills in suit were addressed to the defendant individually (in his business name as, for example, “Danny’s Auto Repair”, “Danny’s Automotive”, etc.) and receipt of the goods sold was acknowledged on each bill by the defendant or one of his employees.
Michael Martinolich, Jr., president and owner of Mike’s, also testified he was not personally aware of the change of Danny’s to an incorporated status until after the business closed, in spite of the fact that he had visited Danny’s personally during the period alleged in his petition.
It was also established in the trial court that Thiele had made two payments to Mike’s since the closing of the business from his own personal funds: one in the amount of $75 on January 27, 1977; and another in the amount of $35 on December 4, 1978.
Since we find that plaintiff was never adequately noticed of the change in Daniel E. Thiele’s business from that of an individual to a corporate operation and that all of the credit in suit was extended to the defendant as an individual and not to the corporation, we need not address the question of whether or not the corporate veil should be pierced.
However, we affirm the judgment of the trial court on the basis that plaintiff was misled into believing he was continuing to deal with Thiele as an individual and not Danny’s, Inc., a corporation.
In the case of General Electric Company v. Ponder, 234 So.2d 786 (La.App. 1st Cir. 1970), the court concluded the preponderance of the evidence in that case indicated the plaintiff did not know it was dealing with the corporation rather than the defendant personally and, therefore, held the defendant personally liable for purchases made on an open account.
Similarly, in the case of McCulley v. Dublin Construction Co., 234 So.2d 257 (La.App. 4th Cir. 1970), this court also held that stockholders in a corporation who acted in their individual capacities, rather than as officers of a corporation, in making a purchase were individually liable for the cost of that purchase.
Conversely, in the case of Webster v. Rushing, 316 So.2d 111 (La.1975), the Court held where the evidence was clear that the defendant- contracted with plaintiff only in his capacity as president of the corporation and never led the plaintiff to believe that he intended to become personally bound for the obligation, the corporate president was not personally bound in solido with the corporation on the contract.
In the present case, as in General Electric Company, supra, the plaintiff had made pri- *562 or sales to the defendant, personally, rather than the corporation, and the defendant could produce no communications informing the plaintiff that after the incorporation of Danny’s, Inc., the defendant would no longer be making purchases in his individual capacity but only as a representative of the corporation. The conclusion that the plaintiff was misled was also substantiated by his own testimony and his business records showing Thiele’s account had never been changed to the corporate name.
Moreover, the defendant could produce no evidence of his having actually informed Mike’s of Danny’s new corporate status.
For the foregoing reasons the judgment appealed from is affirmed.

AFFIRMED.