LEAR, Judge.
Appellant, Repp Personnel Service, Inc. (Repp) brought suit against Lernes Deshau-telles, appellee herein, based on an alleged breach of an oral contract. In the alternative, if no contract was found, appellant sought recovery based on an open account theory.
In response to an advertisement for a job in the Bahamas, Deshautelles visited Repp and filled out an application. This particular application contained questions only as to education, prior experience and personal information. The job that appellee sought was fee-paid by the potential employer. Therefore, appellee did not sign a written contract with Repp obligating himself to pay a fee for job placement.
Thereafter, Repp informed Deshautelles, by telephone, of another job possibility at the Hilton Hotel. This job was not fee-paid by the potential employer. Deshautelles obtained the job and subsequently refused to pay a placement fee to the employment agency.
The trial judge found for Deshautelles, denying recovery to Repp based on either an oral contract or open account theory.
On appeal, Repp contends that the trial judge erred in: (1) not finding a compensa-ble verbal contract; (2) not applying the theory of “account rendered” and (3) not applying the doctrine of quantum meruit in the event that an oral contract was not found. We affirm.
We agree with appellee that this dispute is governed by La.R.S. 23:111 which has the effect of defeating appellant’s alleged specifications of error. In pertinent part La.R.S. 23:111 provides:
“No employment agency shall charge or accept a fee unless in accordance with the terms of a written contract with an applicant. Each applicant shall be given a copy of every contract executed between the employment agency and the applicant. Each such contract in addition to setting forth a copy of the agency’s filed fee schedule, shall provide: * * * ”
Appellant seeks to avoid application of La.R.S. 23:111 by contending that it is an affirmative defense that cannot now be asserted since it was not specially pleaded by Deshautelles in his answer to the suit.
Article 1005 of the Code of Civil Procedure provides that certain defenses must be specially pleaded. Since the list of affirmative defenses in C.C.P. art. 1005 is illustrative, certain criteria have been established for determining if a defense is an affirmative defense.
The Louisiana Supreme Court has stated that, “An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff’s demand on its merits.”[1] Webster v. Rushing, 316 So.2d 111 (La.1975).
Webster, supra, goes on to provide that, “The purpose of pleading a special defense is to give fair and adequate notice of the nature of the defense so that plaintiff is not surprised.”
In the instant case, the fact that there was not a written contract would not have raised new matter if affirmatively pleaded. Appellant did not sue on the basis of a written contract and never contended that one existed. On the contrary, under cross-examination, Mr. Repp admitted that a written contract did not exist. Therefore, *628 the element of surprise is not a consideration and the lack of a written contract was not a new matter that should have been affirmatively pleaded, nor was appellee required to affirmatively plead the existence and application of La.R.S. 23:111. It is well established that the pleader is obliged only to make allegations of fact, not law. Code of Civil Procedure art. 854.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Followed by Court of Appeal, 1st Circuit: Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir. 1979); Langhans v. Hale, 345 So.2d 1226 (La.App. 1st Cir. 1977).