619 So.2d 118 (1993)
TRAIL MINING, INC. d/b/a Trail Construction Company
v.
VILLAGE OF SUN.
No. 92 CA 0970.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Michael E. Soileau, Covington, for plaintiff-appellant.
Mary C. Devereux, Covington, for defendant-appellee.
Before CARTER, LeBLANC and PITCHER, JJ.
LeBLANC, Judge.
Trail Mining, Inc., d/b/a Trail Construction Company, plaintiff-appellant, appeals a trial court judgment denying its petition for a declaratory judgment and injunctive relief against the Village of Sun, defendant-appellee.

FACTS
Trail Mining entered into an agreement with Floyd Stanley Mizell to mine a gravel *119 deposit on Mizell's property which is located within the village limits of the Village of Sun. Ordinance 31 of the Village of Sun provides, in part, as follows:
AN ORDINANCE prohibiting the construction and/or digging of a gravel pit within a twelve hundred foot (1200') radius of any building used primarily as a residence.
* * * * * *
WHEREAS, it has come to the attention of the Mayor and Board of Aldermen of the Village of Sun that the citizenry of the Village of Sun has serious concern about locating gravel mining operations near their primary residence; and
WHEREAS, it has been determined by the Mayor and Board of Aldermen that certain restrictions should be placed on the construction and/or digging of gravel pits within the limits of the Village of Sun in order to prevent erosion of the soil ... to reduce the noise level ... to preserve the aesthetic beauty of the property ... and ... to reduce the danger posed to children who would find such gravel mining operations to be an attractive nuisance.

* * * * * *

SECTION 1: Prohibition. No person, firm or organization shall construct, dig or otherwise locate a gravel mining operation, commonly known as a "gravel pit" within twelve hundred feet (1200') of any building used primarily as a residence within the Village limits of the Village of Sun.

SECTION 2: Penalties. [A fine of $500.00 for the first day and $100.00 for each day thereafter is imposed.]

SECTION 3: Exceptions. Notwithstanding any of the provisions of this ordinance where the property owner and/or resident and the operator of the gravel mining operation ... have agreed between each other that the "gravel pit' may be located within the twelve hundred foot (1200') limit of the residence, the ... gravel pit [operation] ... shall not be a violation of this ordinance when the ... gravel pit [operation] is conducted pursuant to said agreement and said agreement has been approved by the Mayor and Board of Aldermen of the Village of Sun.

SECTION 4: Severability Clause. If any section of this ordinance is found to be unconstitutional or otherwise invalid, the section found to be unconstitutional or invalid shall not affect the remaining sections of this ordinance.
Because one of Mizell's neighbors would not waive the prohibition, Trail Mining filed a petition seeking to have Ordinance 31 declared unconstitutional or, in the alternative, null and void. The trial court dismissed the petition, finding the section entitled "Exceptions" unconstitutional but severable and the ordinance in compliance with the enabling statute found at La.R.S. 33:4723. Trail Mining appealed.
Plaintiff assigns as error: 1) upholding the constitutionality of Ordinance 31 by finding the "Exceptions" section severable; and 2) finding Ordinance 31 is a validly enacted ordinance and not in violation of La.R.S. 33:4723.

ORDINANCE VALIDITY
Trail Mining argues Ordinance 31 is in violation of La.R.S. 33:4723, and is therefore invalid. The Village of Sun, at trial, asserted Ordinance 31 was not a zoning ordinance but rather a health and safety ordinance; therefore, there is no necessity to comply with the requirements of the enabling statute, La.R.S. 33:4723. In its brief, the Village abandons this argument, asserting instead, that the ordinance complies with La.R.S. 33:4723.
Our analysis confirms Ordinance 31 is a zoning ordinance. Authority for the enactment of zoning ordinances is derived from a municipality's police powers. See, Folsom Rd. Civic Ass'n v. Par. of St. Tammany, 407 So.2d 1219, 1222 (La.1981). The procedures required for adopting zoning regulations are set out in La.R.S. 33:4721, et seq. La.R.S. 33:4723 states, in pertinent part:
[R]egulations shall be made in accordance with a comprehensive plan....
This enabling statute requires a comprehensive plan. A comprehensive zoning *120 plan is a general plan to control the use and development of properties in the community and is passed with forethought to a plan rather than adopted in some chaotic fashion. Folsom Rd. Civic Ass'n, 407 So.2d at 1222.
The passage by the Board of Aldermen of Ordinance 31 is not a general plan to control the use and development of properties in the community. It is a single, prohibitive regulation.
In Jameson v. St. Tammany Parish Police Jury, 225 So.2d 720, 724 (La.App. 1st Cir.), writ refused, 254 La. 921, 228 So.2d 482 (1969), we held regulations uniformly limiting an entire zoning district to residential use met the comprehensive plan requirement. An ordinance which contained detailed descriptions of thirteen separate zoning classifications was held to be a comprehensive plan in West v. City of Lake Charles, 375 So.2d 206, 208 (La.App. 3rd Cir.), writ denied, 378 So.2d 435 (1979). In addition, it has been previously decided that the comprehensive plan requirement does not require immediate parish-wide zoning or districting. Langhans v. Hale, 345 So.2d 1226, 1228 (La.App. 1st Cir.1977).
However, a single, prohibitive regulation does not comply with the comprehensive plan requirement. There is no general plan for use or development of property and no forethought to the development of a general plan. There are no definitions, descriptions, or classifications for use in property development. Rather, Ordinance 31 is a solitary, single industry restriction. The rural nature of the property contained within the village limits of the Village of Sun does not eliminate the necessity for a general, comprehensive plan. Because there is no evidence of a comprehensive plan, and Ordinance 31 does not, in itself, constitute a comprehensive plan, the enactment of Ordinance 31 is not in compliance with La.R.S. 33:4723. It is, therefore, invalid.

ORDINANCE CONSTITUTIONALITY
Trail Mining also argues the trial court erred in declaring the "Exceptions" section unconstitutional but severable. The trial court, in its written Reasons for Judgment, found the "Exceptions" section unconstitutional, but upheld the remaining sections after severance of the invalid section.
It is a long standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Benson & Gold Chev. v. La. Motor Veh. Com'm, 403 So.2d 13, 23 (La.1981). We have already concluded that Ordinance 31 is invalid for the reasons stated above; therefore, because it is unnecessary to resolve the constitutional challenge to dispose of the instant case, we pretermit consideration of this assignment of error.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and it is hereby ordered that there be judgment in favor of Trail Mining, Inc., and against the Village of Sun, declaring Ordinance 31 of the Village of Sun to be invalid and unenforceable. Costs of this appeal, in the amount of $539.50, to be paid by defendant-appellee.
REVERSED AND RENDERED.