Dear Mayor Coleman:
You have requested a legal opinion of the attorney general relative to the town's zoning of a large and substantial part of the town of Jackson consisting of 256 parcels of land. This part to be zoned is the Jackson Historic District already established as a National Historic District within the National Register of Historic Places under the jurisdiction of the U.S. National Park Service. You further inform us that the town of Jackson does not currently operate under a comprehensive zoning plan, and you ask whether the town can establish a zoning and land use plan for this historic district without zoning the remainder of the municipality.
You pointed us to R.S. 33:4721 et seq. and gave us your interpretation of them and concluded from that interpretation that the town of Jackson should be able to establish such a zoning and land use plan without zoning the entire municipality. Actually, these provisions and other similar statutes have already been interpreted by the courts, which are the definitive interpreters of state statutes. After reading these cases, we think that the town of Jackson can do so, provided it is careful to avoid a single, prohibitive regulation, such as that which occurred in TrailMining, Inc. v. Village of Sun,619 So.2d 118 (1st Cir. 1993).
We should start by reviewing both the pertinent statutes in Title 33 of the Louisiana Revised Statutes empowering municipalities and parishes with zoning power. The former are quoted as follows:
 § 4721. Regulation of size and use of buildings
 For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate and restrict the height, number of stories, and size of structures, the percentage of lot that may be occupied, the size of yards, courts, and *Page 2 
other open spaces, the density of population, and the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes; provided that zoning ordinances enacted by the governing authority of municipalities or the acts of the zoning commission, board of adjustment as herein provided for, or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process, provided, further, that the right of judicial review of a zoning ordinance shall not be limited by the foregoing.
 § 4722. Creation of districts; powers of municipal authorities; transfers of development rights; and uniform regulations within district
 A. For any and all of the purposes set forth in R.S. 33:4721 the governing authority of any municipality may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes; and within the districts so created, the governing authority may regulate and restrict the erection, construction, alteration, or use of buildings, structures or land.
 C. All such regulations shall be uniform for each class or kind of land and structure throughout each district, but the regulations of one district may differ from those in other districts. However, no regulation shall change the status of premises which have been continuously used for commercial purposes since January 1, 1929, without interruption for more than six consecutive months at any one time. The governing authority may, however, provide for the removal of nonconforming signs and billboards, less and except billboards erected in compliance with parish or municipal regulations at the time of erection, provided that it first establish a reasonable amortization time for removal according to a reasonable set of standards and schedules.
 § 4722.1. Definitions
 As used in this Part, unless the context otherwise requires:
 (1) The development rights of a designated site are the rights granted under applicable local law respecting the permissible bulk and size of immovable property erected thereon. Development rights may be calculated in accordance with such factors as lot area, floor area, floor area ratios, height limitations, or any other criteria set forth under local law for this purpose. *Page 3 
 (2) A preservation restriction is a right, whether or not stated in the form of a restriction, predial servitude, covenant or condition, in any act executed by or on behalf of the owner of immovable property or in any order of taking, appropriate to the preservation of areas, places, buildings or structures to forbid or limit acts of demolition, alteration, use or other acts detrimental to the preservation of the areas, places, buildings, or structures.
 § 4723. Purpose of regulations
 The regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the public streets, secure safety from fire, promote health and the general welfare, provide adequate light and air, avoid undue concentration of population, and facilitate adequate transportation, water supply, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the values of buildings and encouraging the most appropriate use of land throughout the municipality. (Emphasis added.)
 § 4724. Public hearing authorized; prohibited rezoning
 The legislative body of a municipality which has provided for a comprehensive zoning plan
shall provide for the manner in which the regulations and restrictions and the boundaries of the districts shall be determined, established, and enforced and from time to time amended. No regulations or restrictions shall become effective until after a public hearing at which parties in interest have an opportunity to be heard. A public hearing in relation to the regulations may be held by the legislative body of a municipality which has provided for a comprehensive zoning plan. In such a case, notice of the time and place of the hearing shall be published once a week in three different weeks in the official journal of the municipality or, if there be none, in a paper of general circulation therein; at least fifteen days shall elapse between the first publication and the date of the hearing. In municipalities with a population of less than four hundred seventy-five thousand in addition to notice by publication, and at least ten days prior to the hearing, a good faith attempt to notify the owner or owners of record of the properties to be zoned or rezoned in municipal zoning shall be made by the sending of an official notice by regular mail of the time and place of the hearing and subject matter of the regulations and restrictions. Notwithstanding the foregoing, however, when more than ten parcels are to be zoned or rezoned by enactment of a zoning ordinance, the advertisement in the official journal or a paper of general circulation *Page 4 
required herein shall be considered adequate notice to the property owners. (Emphasis added.)
In all pertinent respects, the statutes empowering parishes with zoning power are similar. See LA. R S. 33:4780.40 et. seq.
The emphasized passages in the above statutes, establish that if a municipality adopts building or land use regulations and the like, these regulations must be a part of a comprehensive zoning plan. The question under the facts you presented becomes whether such a zoning plan, leaving some territory unrestricted while zoning the remainder of the territory, can constitute "a comprehensive plan" as required by these statutes.
In Trail Mining, Inc. v. Village of Sun, supra, a mining company entered into an agreement with a landowner to mine a gravel deposit on land that was within the limits of the Village of Sun. The board of aldermen of the village of Sun adopted an ordinance that prohibited the construction or digging of a gravel pit within 1200' of any building used as a residence. When the Village of Sun attempted to defend its ordinance as a zoning measure, the court held that the ordinance was not a comprehensive zoning plan — that is, a general plan to control the use and development of properties in the community — and, therefore, did not comply with the enabling statutes, R.S. 33:4721 et seq. Rather, the court held that it was a single, prohibitive regulation. The court noted, however, previous cases in which the zoning measure was held to be a comprehensive plan, even though it did not zone the entire territorial limits of the jurisdiction, as follows:
 In Jameson v. St. Tammany Parish Police Jury, 225 So.2d 720, 724 (La.App. 1st Cir.), writ refused, 254 La. 921, 228 So.2d 482 (1969), we held regulations uniformly limiting an entire zoning district to residential use met the comprehensive plan requirement. An ordinance which contained detailed descriptions of thirteen separate zoning classifications was held to be a comprehensive plan in West v. City of Lake Charles, 375 So.2d 206, 208 (La.App. 3rd Cir.), writ denied, 378 So.2d 435 (1979). In addition, it has been previously decided that the comprehensive plan requirement does not require immediate parish-wide zoning or districting. Langhans v. Hale, 345 So.2d 1226, 1228 (La.App. 1st Cir. 1977).
Trail Mining, Inc. v. Village of Sun, supra, 619 So.2d at 120.
In the West case, supra, the Third Circuit described theJameson case, supra, as follows:
 [I]n Jameson v. St. Tammany Parish Police Jury, 225 So.2d 720 (La.App. 1 Cir. 1969), it was held that where an ordinance created a zoning district, the entirety of which was designated for residential use, the statutory requirement of a comprehensive plan was satisfied even though no policy *Page 5 
had been adopted as to zoning of the parish as a whole except that it should remain unrestricted until such time as petitions were presented for zoning a particular area. In reaching this conclusion the court necessarily determined that the zoning ordinance itself constituted a sufficient comprehensive plan within the meaning of the enabling act because there was no evidence of any other plan in the record. See also Langhans v. Hale, 345 So.2d 1226 (La.App. 1 Cir. 1977); and Dawson Enterprises, Inc. v. Blaine County, 98 Idaho 506, 567 P.2d 1257 (1977).
West v. City of Lake Charles, supra, 375 So.2d at 208.
Both the Jameson and Langhans cases, supra, clearly hold that a parish governing authority need not enact detailed zoning regulations for all areas of a parish in order to have "a comprehensive zoning plan" that is sufficient to comply with the applicable statutes, but rather can allow some areas to remain unrestricted until such time as petitions are presented for zoning a particular area. We think the same reasoning applies to R.S. 33:4721 et seq. and, therefore, to municipalities because the requirements for comprehensive zoning plans required by the statutes governing parishes and municipalities are similar.
Even if all the territory of the town of Jackson were required to be included in the zoning ordinance, in our opinion, the town could create two districts — the historic district and the remainder of the town — and create certain zoning regulations for the historic district and leave the other district unrestricted, all to achieve the purposes set forth in R.S. 33:4721 and 4723.
We trust that this opinion has adequately answered your request, but if you have any further questions, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC/RLM/dam