Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,820-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CATHERINE J. ESTIS, SAMUEL            Plaintiffs-Appellants
C. ESTIS, AND THUY P. ESTIS

versus

CLIFTON L. MILLS, KIMBERLY            Defendants-Appellees
M. MILLS, TWIN STALKS, INC.,
COLE MILLS PLANTING, INC.,
LITTLE ANGOLA PAYROLL
PARTNERSHIP, AND CLAK, INC.

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 45,956-B

Honorable Will R. Barham, Judge

* * * * *

BREAZEALE, SACHSE & WILSON, LLP       Counsel for Appellants
By:  Steven B. Loeb
     John T. Andrishok
     Jacob E. Roussel

COTTON, BOLTON, HOYCHICK &            Counsel for Appellees
& DOUGHTY, L.L.P.
By:  John B. Hoychick

* * * * *

Before MOORE, PITMAN, and THOMPSON, JJ.

PITMAN, J., concurs in the result.

**THOMPSON, J.**

This matter arises from the killing of a ten month old German Shepherd puppy for which defendants allege immunity under the provisions of La. R.S. 3:2654, as defendants assert the puppy was harassing his horses when he shot and killed it. Plaintiffs, Catherine Estis, Samuel Estis, and Thuy Estis (hereinafter "Plaintiffs"), appeal the trial court's judgment granting the motion for summary judgment filed by defendants, Clifton and Kimberly Mills (hereinafter "Defendants"), asserting there remain genuine issues of material fact and that Defendants waived any immunity by their failing to affirmatively plead such in their answer or any subsequent pleadings. For the reasons set forth below, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 11, 2017, Plaintiffs filed suit in the 5th Judicial District Court seeking damages arising out of the shooting, killing, and disposal of their ten-month-old German Shepherd puppy, Bella. Specifically, Plaintiffs allege that Defendant Clifton Mills shot the German Shepherd puppy, did not disclose to them the dog had been shot, and dumped her body over ten miles away in Bayou Lafourche. As a matter of procedural history of this case but not currently before this Court, Plaintiffs also sought injunctive relief claiming that Defendants were operating commercial activities on their property in violation of property restrictions which limit the use of Defendants' property to residential purposes.

An exception of prescription as to the property restrictions and an answer to all allegations were filed by Defendants on October 16, 2017. On

January 26, 2018, the trial court granted the exception of prescription filed by Defendants and an exception of no cause of action as to the other defendants,[1] resulting in the dismissal of Plaintiffs' claims for property restriction violations.  The dismissal of those claims is not at issue in this appeal.

On June 28, 2018, the Defendants filed a motion for summary judgment. Arguments on the motion were heard on October 1, 2018, and the trial court took the arguments of the parties under advisement.  On December 6, 2018, the trial court issued its judgment granting summary judgment in favor of Defendants.  There were no oral or written reasons for judgment given by the trial court in support of judgment.  Plaintiffs appeal the trial court's judgment.

## DISCUSSION

Immunity is afforded to anyone killing a dog under the specific and limited circumstances set forth under La. R.S. 3:2654, which provides:

> Any person finding any dog not on the premises of its owner, harborer, or possessor, which is harassing, wounding, or killing livestock, may, at the time of finding the dog, kill him, and the owner shall not be able to sustain any action for damages against the person killing the dog.

The trial court granted the motion for summary judgment filed by Defendants.  In their motion for summary judgment, Defendants asserted they fell within the immunity afforded by La. R.S. 3:2654 as it was alleged the puppy was shot while harassing the horses owned by Defendants. Plaintiffs argue the immunity afforded by La. R.S. 3:2654 *must* have been

---

[1] In Plaintiffs' petition, other named Defendants include Twin Stalks, Inc., Cole Mills Planting, Inc., Little Angola Payroll Partnership, and Clark, Inc.  The aforementioned parties have since been dismissed from the suit.

affirmatively pled by Defendants and that any such immunity had been waived by failing to assert the affirmative defense in either the original answer or any subsequent pleading. As such, Plaintiffs contend in the absence of the immunity protections asserted by Defendants the motion for summary judgment could not otherwise have been granted and therefore should be reversed. The Court agrees.

Plaintiffs contend that La. R.S. 3:2654 is an immunity statute by comparing La. R.S. 3:2773(D), which provides that "[a]ny citizen or officer may kill any dangerous or vicious dog." Accordingly, the purpose of La. R.S. 3:2773(D) is to provide "statutory immunity." *Hebert v. Broussard*, 04-485 (La. App. 3 Cir. 11/10/04), 886 So. 2d 666, 670. Thus, Plaintiffs claim that Defendants were barred from raising La. R.S. 3:2654 as a basis for summary judgment

Immunity is an affirmative defense that must be specifically pleaded by a defendant or it is deemed waived. *Moresi v. State Through Dept. of Wildlife & Fisheries*, 90-0205 (La. 09/06/00), 567 So. 2d 1081, 1086; *Walls v. Am. Optical Corp.*, 98-0455 (La. 09/08/99), 740 So. 2d 1262, 1267. The record does not include any request by Defendants to amend their pleadings to assert La. R.S. 3:2654 as an affirmative defense. During oral arguments, Defendants' counsel conceded that he could have added the affirmative defense set forth in La. R.S. 3:2654 but thought that he had pleaded enough to "put them on notice . . . [and] at that point I did not know the statute existed."

La. C.C.P. art. 1005 requires that the answer set forth matters constituting an affirmative defense. An affirmative defense is a defense to

3

the action which will have the effect of defeating plaintiff's demand on its merits. *Webster v. Rushing*, 316 So. 2d 111, 114 (La. 1975); *Shrader v. Life General Sec. Ins. Co.*, 588 So. 2d 1309, 1314 (La. App. 2 Cir. 1991), *writ denied*, 592 So. 2d 1317 (La. 1992). Affirmative defenses must be specifically pleaded. La. C.C.P. arts. 1003, 1005, as noted by this Court in *Cooper v. Borden, Inc.*, 30,292 (La. App. 2 Cir. 02/25/98), 709 So. 2d 878, 881 (a defendant must specifically plead affirmative defenses in its answer). The purpose of the requirement for pleading an affirmative defense is to give fair and adequate notice of the nature of the defense so that the plaintiff is not surprised. *Webster, supra* at 114.

Defendants contend that La. R.S. 3:2654 is a negative defense rather than an affirmative defense. An affirmative defense is distinguishable from a negative defense in that a negative defense seeks to refute an essential allegation of the plaintiff's petition. *Johnsa v. Edwards*, 582 So. 2d 1280, 1283 (La. 1991); *Keller v. Amedeo*, 512 So. 2d 385, 386, 388 (La. 1987); *Alexander v. Cornett*, 42,147 (La. App. 2 Cir. 07/11/07), 961 So. 2d 622, 631, *writ denied*, 07-1681 (La. 11/02/07), 966 So. 2d 603. By contrast, an affirmative defense raises new matters which, assuming the allegations in the petition to be true, constitute a defense to the action and will have the effect of defeating plaintiff's demand on its merits. *Keller, supra* at 387; *Webster, supra* at 114; *Cornett, supra* at 631.

Defendants also argue that their answer clearly indicated that the German Shepherd puppy was attacking Defendants' horses, which was the reason for killing the dog. Paragraph 15 of Defendants' answer reads, "The allegations . . . are denied, except to admit that Clifton L. Mills shot a

German Shepherd that was attacking his horses." According to Defendants, the brief "clearly apprised the plaintiffs of the reasons that he shot the dog – because it was attacking his horses, which is the entire basis of RS [*sic*] 3:2654." Furthermore, Defendants rely on the cases of *Paxton v. Ballard*, 289 So. 2d 85 (La. 1974), and *Cox v. W. M. Heroman & Co., Inc.*, 298 So. 2d 848 (La. 1974), noting that it is not necessary to label the defense. Defendants maintain that Plaintiffs were put on notice. We disagree that such an assertion is tantamount to asserting the affirmative defense of the immunity protection possible under the statute.

Defendants' reliance on *Paxton* and *Cox* is misplaced, as *Paxton* simply solved the decades-long split between the circuits of whether stating that an accident "due solely to the negligence of the plaintiff" was enough to plead contributory negligence as an affirmative defense. *See Paxton, supra* at 87-88. The *Cox* case is factually specific surrounding subrogation and extinguishment of debt and therefore not applicable. *Cox, supra* at 855.

In the absence of a viable immunity defense the trial court would have before it a claim for damages for the killing and disposal of a family pet against Defendants who admit to those allegations. As Defendants failed to affirmatively plead La. R.S. 3:2654, those protections are waived. As such, genuine issues of material fact remain relative to the motion for summary judgment put forth by Defendants. We do not therefore reach the issue of whether there were threshold actions by the German Shepherd puppy to warrant its killing and any assertion of immunity in response thereto.

## CONCLUSION

For the reasons set forth above, the trial court's judgment is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Defendants.