398 So.2d 570 (1980)
Joseph B. MODICUT
v.
Wilford E. BREMER.
No. 13561.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*571 Gail H. Ray, Baton Rouge, for appellant.
Randall J. Cashio, Baton Rouge, for appellee.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.

ON MOTION TO DISMISS
The narrow issue presented on this appeal is whether the defendant-lessee is entitled to appeal suspensively a judgment ordering his eviction from premises leased by the plaintiff-lessor.
The plaintiff-lessor claims that the lessee failed to satisfy the provisions of La.C.C.P. art. 4735, which prohibits a suspensive appeal from a judgment of eviction unless the lessee answers under oath and pleads an affirmative defense entitling him to retain possession of the premises.
Plaintiff sued for eviction claiming non-payment of lease rental, and the defendant-appellant answered contending he had "complied with all terms and conditions of his lease."

VERIFIED ANSWER
In an affidavit on the last page of the answer, the defendant swore before "the undersigned Notary" that the allegations in his answer were true and correct. The attorney-notary's signature appears below the defendant's signature on the same page as the affidavit, but appears in connection with the standard attorney's certificate attesting that a copy of the answer has been served on all counsel of record.
In opposition to the motion to dismiss, the attorney-notary executed an affidavit claiming that her signature below the defendant's affidavit in connection with a certificate of service was intended also to be a notarization of the defendant's signature on the affidavit.
We pretermit the question of whether the answer is verified, because we conclude that an affirmative defense was not pleaded.

AFFIRMATIVE DEFENSE
An affirmative defense is one which raises a new matter not covered by the plaintiff's petition and which will defeat the plaintiff's demand on its merits, even if the plaintiff proves all of the allegations in his petition. Webster v. Rushing, 316 So.2d 111 (La.1975); see also La.C.C.P. art. 1005.
The lessee alleges that his answer claiming compliance with all the terms and conditions of the lease is an affirmative defense which would defeat the plaintiff's action. We disagree.
The assertion of merely complying with all terms and conditions of the lease is nothing more than a general denial of plaintiff's allegation of non-payment of rent. There is no question that if the lessee had proved he paid the rent, his proof would defeat the plaintiff's action for eviction. It does not follow, however, that such a plea constitutes an affirmative defense. Every allegation in an answer which if proven would defeat plaintiff's suit does not constitute an affirmative defense.
The plea of compliance does not raise new matter which would defeat plaintiff's *572 claim even if plaintiff's claim were found to be true. Compliance with the terms of a contract is not one of those affirmative defenses illustrated in La.C.C.P. art. 1005, nor has any case been cited to us, nor have we been able to find any holding such to be an affirmative defense. Therefore, we are of the opinion that such a plea in an answer does not constitute an affirmative defense.
At the lessee's behest, however, we will consider the appeal as a devolutive one and will hear it on the merits when it comes before this court.
Therefore, for the above and foregoing reasons, the motion to dismiss the suspensive appeal is granted, and the appeal is maintained as a devolutive one with all costs of this proceeding to be paid by appellant, and further costs to await the final outcome.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED, APPEAL MAINTAINED DEVOLUTIVELY.