451 So.2d 113 (1984)
MASHBURN AGENCY, INC., Plaintiff-Appellee,
v.
UNIVERSAL ENGINEERING & SUPPLY, INC., et al., Defendant-Appellant.
No. 83-661.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*114 Collings & Collings, R. William Collings, Lake Charles, for defendant-appellant.
Roger C. Burgess, Sulphur, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
FORET, Judge.
This suit was filed by plaintiff, Mashburn Agency, Inc., against defendant, Universal Engineering & Supply, Inc., to recover premiums allegedly owed on two insurance policies. Defendant answered with a general denial and filed a reconventional demand. The trial court rendered judgment in favor of plaintiff on the main demand and in favor of defendant on its reconventional demand. Defendant has appealed the court's judgment on the main demand.
The sole issue on appeal is whether the trial court erred in holding that defendant's contention that an error had been made in computing the premiums due was an affirmative defense which defendant was precluded from raising at trial over plaintiff's objection because it had not specifically plead it in its answer.

FACTS
A general liability policy issued by Northwest Insurance Company and written through Mid-Continental Underwriters was obtained by defendant, Universal Engineering & Supply, Inc., from plaintiff, Mashburn Agency, Inc. Defendant paid an initial deposit and the final premium was to be determined by audit of its receipts and payroll at the end of the policy period. The premium was to be based on plaintiff's receipts and payroll attributable to the territorial area covered by the policy. The policy period was April 15, 1979 through April 15, 1980. Plaintiff led defendant to believe that the policy covered defendant's operation in both Louisiana and Texas, but, at its inception, the policy was limited to Louisiana only. On November 28, 1979, following the disallowal of a claim made by defendant for an accident that had taken place in Texas, the policy was amended to include Texas.
Defendant purchased another general liability policy from plaintiff to cover its operations from April 15, 1980, through April 15, 1981. Although plaintiff also sued on this policy, defendant does not seriously contest the amount alleged to be owing on the second policy.
At the trial of this matter, defendant attempted to introduce evidence to show that the premiums on the first policy had been computed using both Louisiana and Texas payrolls paid over the entire policy period. This would have constituted an error in the calculation of the premiums since from April 15, 1979 until November *115 28, 1979, the policy only covered defendant's operations in Louisiana.
In pre-trial conference, the trial court determined that it would not allow defendant to introduce over plaintiff's objection any evidence to show that an error had been made in computing the premiums owed. During the course of the trial, the trial court sustained plaintiff's objections to defendant's introduction of this evidence, and defendant made a proffer of evidence.

WAS THE DEFENSE WHICH DEFENDANT SOUGHT TO RAISE AN AFFIRMATIVE DEFENSE?
Article 1005 of the Louisiana Code of Civil Procedure requires the special pleading of affirmative defenses.[1] Among those defenses which must be affirmatively plead is error or mistake. In the present case, defendant sought to show that it did not owe the total amount claimed by plaintiff because its Texas payrolls, paid during the period when the policy did not provide coverage in Texas, were included in calculating the policy premium. Defendant contends that this defense was not an affirmative defense and, therefore, it was entitled to adduce evidence in support of it at trial even though it had not specifically plead it in its answer. We disagree. We think that this error in the calculation of premiums which defendant sought to raise as a defense at trial was an "error" or at least "any other matter constituting an affirmative defense" within the meaning of Article 1005.
An affirmative defense is one which raises a new matter not covered by plaintiff's petition and which will defeat plaintiff's demand on its merits. Modicut v. Bremer, 398 So.2d 570 (La.App. 1 Cir.1980); Rourke v. Cloud, 398 So.2d 57 (La.App. 3 Cir.1981). In the present case, in attempting to show that an error had been made in calculating the premiums, defendant was raising a new matter not covered by plaintiff's petition. Plaintiff's petition alleged that the information, that is, receipts and payroll, on which the premiums were based had been provided by defendant's accountant. Defendant's defense that an error had been made in calculating the premiums was a new matter not touched on by plaintiff's petition.
The general purpose of Article 1005 in requiring that certain defenses be affirmatively plead is to give fair notice of the nature of the defense, and thereby prevent a last minute surprise to the plaintiff. Bates v. Stewart, 262 So.2d 591 (La.App. 3 Cir.1972); Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir.1962). Defendant's proffer shows that he wished to introduce evidence to show that the payroll figures which defendant's accountant gave to plaintiff's representative did not reflect the fact that a large number of the employees on Louisiana payroll actually worked in Texas. The introduction of such evidence would have caused surprise to the plaintiff. Evidence concerning facts which plaintiff's petition did not raise and which would not arise in the normal progression of the litigation of plaintiff's claim would have been introduced. Furthermore, the surprise to the plaintiff that this defense would have occasioned would have been all the greater because the information on which the defense was based was, for the most part, within defendant's control. It was defendant who should have known whether he had given Louisiana payroll figures to plaintiff which included employees working in Texas.
*116 It is clear that the defense which defendant sought to raise was an affirmative defense and that the trial court was not wrong in refusing to let defendant introduce, over plaintiff's objection, evidence in support of that defense.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Article 1005 provides:

"Art. 1005. Affirmative defenses
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation."