HIGHTOWER, Judge.
Plaintiff, Herbert Moody, appeals a trial court judgment rejecting his personal injury claim against defendant, Terry’s Roofing and Sheet Metal, Inc. For the reasons indicated, we affirm.
FACTS
Plaintiff was hired as a casual laborer by defendant on January 12,1987, and worked for three days. On the fourth day, January 15, plaintiff and other workers assembled at the employer’s shop in Bossier City at 7:00 a.m., and were then transported to a job site at Brentwood Hospital in Shreveport. Shortly after the crew had begun to work, Milton J. Peters, foreman, discharged plaintiff for nonperformance of his duties. Since plaintiff had no personal transportation, Mr. Peters undertook to use a company vehicle to drive him from the workplace to the residence of plaintiff’s cousin, who lived a short distance away. There, the foreman pulled into a narrow alleyway off the street and let plaintiff out of the truck. The later facts, however, are disputed.
Plaintiff claims that, after a brief and possibly heated discussion concerning his dismissal, he closed the truck door and began walking back down the alley toward the street. He alleges that Mr. Peters then put the truck into reverse and struck him in the back, violently propelling his body into the street.
On the other hand, Mr. Peters relates that plaintiff would not close the vehicle door upon exiting. After being asked to do so, the dismissed employee finally complied but then opened the back door of the truck. After further words were exchanged between the two individuals, plaintiff slammed the back door and walked toward the rear of the truck. Mr. Peters, according to his testimony, then backed the truck up a few feet, stopped, heard a sound after stopping, and next observed plaintiff lying in the street. Mr. Peters decided that plaintiff struck the tailgate of the truck with his hands and then lay down in the street, effectively staging an accident. After being transported to LSU Medical Center, plaintiff was examined in the emergency room. He subsequently received lengthy treatment from a local chiropractor for injuries to his neck and back.
Terry’s Roofing Company, its insurer, and Mr. Peters are defendants in the action. At trial, the parties stipulated that Mr. Peters was within the course and scope of his employment at the time of the accident and therefore covered under the insurer’s automobile liability policy issued to Terry’s Roofing.
DISCUSSION
The trial court held that plaintiff had not borne his burden of proving that an impact from the vehicle caused his injury. Judgment was rendered in favor of defendants without the issue of quantum being addressed.
Plaintiff appeals, asserting four contentions. He first argues that the trial court applied an incorrect standard of proof in the matter. It is next argued that, even assuming application of the proper standard, the court erred in concluding that plaintiff did not prove that he was struck by the vehicle. Third, it is asserted that the trial court erred in not finding that *626 plaintiffs damages were the consequence of the alleged impact. Finally, it is contended that the trial court erred in finding plaintiff’s testimony incredible.
Appellant’s first argument centers around the following statement made by the trial court in rendering its oral opinion: “When you bring a case like this you have the burden of proving it beyond a preponderance of the evidence, that is, more probable than not. And this he has not done.” (Emphasis added.) Appellant asserts that this statement, coupled with an earlier reference to motive, indicates that the standard of proof for criminal proceedings was erroneously applied in this case rather than the proper civil standard.
Obviously, in a civil action such as this the appropriate standard of proof is a preponderance of the evidence. Butler v. Baber, 529 So.2d 374 (La.1988); Fussell v. La. Business College of Monroe, Inc., 478 So.2d 652 (La.App. 2d Cir.1985), appeal after remand, 519 So.2d 384 (La.App. 2d Cir.1988). We cannot agree, however, that the trial court lost sight of that standard. When taken in its context, the phrase of which appellant complains was clearly nothing more than a misspeaking of the judge’s intent. The court immediately corrected itself by defining the standard to mean “more probable than not.” Cf., e.g., Fussell v. La. Business College of Monroe, Inc., supra. Hence, when the sentence is read in its entirety, it becomes evident that the trial court simply misstated, rather than misapplied, the standard of proof. Nor does the reference to “motive” add support to appellant’s argument that his evidence improperly encountered a criminal court standard. The statement as to motive was directed toward plaintiff’s credibility, and in no way concerned the burden of proof in the case. We thus find no merit to appellant’s contention.
In his next two specifications of error, plaintiff-appellant argues that the trial court erred in not finding both that he was struck by the truck and that the impact caused the injuries of which he complains. The lower court indeed decided those two issues of fact against plaintiff.
It is well established that a trial court’s finding of fact may not be set aside on appeal in the absence of manifest error or clear wrongness, and where there is conflict in the testimony, reasonable inferences of fact should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262, (La.App. 3rd Cir.1979), writ denied, 374 So.2d 660 (La.1979); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Kennedy v. Bearden, 471 So.2d 871 (La.App. 2d Cir.1985), Brents v. Gulf Ins. Co., 465 So.2d 860 (La.App. 2d Cir.1985), writ denied, 469 So.2d 984 (La.1985).
In this case, we have two versions of the same incident. After reviewing all of the evidence presented, we cannot find the lower court clearly wrong in its credibility evaluations or findings of fact. The evidence indicates that Mr. Peters and plaintiff engaged in some sort of argument. It attracted the attention of Marlene and Donald Carrington, who lived in an apartment nearby and overheard loud talking. Mr. Carrington testified that he witnessed plaintiff “pointing his finger and hollering” at Mr. Peters and “doing most of the talking.” However, there were no independent witnesses to what further transpired.
Plaintiff stated he believed that Mr. Peters intentionally tried to run over him with the truck. It is plainly possible that such testimony eroded plaintiff’s credibility before the trier of fact. Other portions of the record also disadvantaged his case. Mr. Peters testified that, during the argument, plaintiff said, “Run over me, I need the insurance.” Mr. Peters remembered stopping the truck before any noise occurred; yet plaintiff claims to have been hit by a moving truck and his body projected from the narrow alleyway into the middle of the adjoining street, Creswell Avenue.
Even if the truck were moving, it would have traveled only a few feet before the impact. It seems improbable that a vehicle thus backing out of a constricted alleyway could accelerate to the high speed necessary as to propel plaintiff into the middle of another street, notwithstanding the law of *627 conservation of momentum advanced by plaintiff in brief. According to plaintiff, the truck was approaching the curb at the end of the street when he was struck. Arguably, Mr. Peters would not have disregarded his own safety to the point of recklessly backing toward a busy thoroughfare without looking for moving traffic.
Officer Edward Gurley, a patrolman, testified that he came upon plaintiff lying in the middle of the street. He noticed no scrapes or bruises and saw no other physical signs of injury. He testified that Mr. Peters immediately told him that plaintiff had staged the accident. That explanation, of course, was consistent with Mr. Peters’ testimony at trial.
Dr. Harold Bicknell, an orthopedic surgeon who saw plaintiff the day after the incident, testified that there were no external signs on the skin or back area compatible with the personal injury that would occur upon a vehicle striking someone in the back. He stated that, depending upon the force of the fall and what such a victim wore at the time, it was certainly possible that there would be skin abrasions. Hence, it is not illogical to conclude that, had plaintiff been struck by the pickup truck with such force as to propel him the distance involved, he would have sustained bruises or contusions as a result of that impact.
Although it is probably unnecessary to discuss the issue of causation after sustaining the determination that no impact occurred, we nevertheless find no error in the trial court ruling that plaintiff failed to demonstrate that his injuries were caused by being struck by the truck. X-rays taken at LSUMC emergency room were negative, as were those made by Dr. Bicknell the following day. In both instances, some straightening of the cervical curve was noted but considered to be possibly positional in origin.
The testimony of Mr. Carrington indicates that plaintiff was holding his lower back at the scene of the accident. When he arrived in the emergency room, however, plaintiff complained of upper back and neck pain. The next day upon visiting Dr. Bicknell, he continued to complain of upper back pain. However, ten days after the accident, he went to Dr. Jon Chicoine, a chiropractor, complaining of pain in the lower -back and neck. At trial, plaintiff stated that he was having difficulty with his back and legs at the time of the incident. Questioned relative to the back injury, he testified that it was “right above the belt line.” Plaintiff therefore was inconsistent in his complaints of pain, and it cannot be said that the trial court clearly erred concerning causation.
Of course, as indicated above, the record adequately supports the trial court’s credibility evaluations, including its apparent rejection of plaintiff’s testimony concerning the incident. Thus, the fourth specification of error fails.
Based upon the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.