557 So.2d 1118 (1990)
John FRAGALA, Jr., Plaintiff-Appellant,
v.
CITY OF RAYVILLE, Defendant-Appellee.
No. 21,285-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
Writ Denied May 11, 1990.
Jones & Johnson by Richard L. Fewell, Jr., Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein by Ben R. Hanchey, Monroe, for defendant-appellee/City of Rayville.
*1119 Before SEXTON, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, John Fragala, Jr., appeals from a trial court judgment dismissing his personal injury claim against the defendant, city of Rayville. We affirm the trial court judgment.

FACTS
On June 14, 1986, the plaintiff was assisting with a cookout by the Rayville Moose Lodge to benefit a little league baseball group in Rayville. The city of Rayville owned two large, metal barbecue pits. The barbecue pits were portable and could be towed from one site to another. These barbecue pits were commonly used by groups and organizations in the area. The Moose Lodge and the little league baseball group borrowed one of the barbecue pits from the city.
The pit was over eight feet long and had four doors that lifted up and back until they came to rest against a metal stop. The barbecue pit is shown in this photograph:

While in the course of cooking on the pit, the plaintiff raised one of the doors and placed his right hand into the pit to turn some chickens. At that point, the lid fell on the plaintiff's hand, fracturing the middle finger of his right hand and causing ligament damage.
The plaintiff claimed that he suffered permanent injuries to his hand. The plaintiff, a state police narcotics investigator, claimed that his hand did not move well after the accident and that this hampered him in the use of his weapon and in subduing suspects.
On June 9, 1987, the plaintiff filed suit for damages against the city of Rayville, alleging both strict liability and negligence on the part of the city. The plaintiff alleged that the accident was caused due to the defective design, construction and maintenance of the barbecue pit and that the city had prior knowledge of these facts and failed to take steps to correct the problem.
The city of Rayville filed a third party demand against Rayville Youth Baseball, Inc., and the Rayville Moose Lodge.
On February 16, 1989, trial was held on the merits. The plaintiff attempted to *1120 show that the design of the barbecue pit was defective in that the lids, once opened, were unstable and could easily fall, causing injury. The plaintiff also sought to show that the city of Rayville was aware of the dangerous propensity of the lids of the barbecue pits by presenting a witness who saw one of the lids drop on his uncle several years previously. The plaintiff also questioned the mayor of Rayville about an incident in which the mayor himself was cooking on one of the city's barbecue pits and one of the lids fell, injuring his head.
It was also brought out at trial, that during the investigatory stage of the proceedings, a city worker mistakenly ordered that the back stops on the barbecue pit in question be altered. About one-quarter inch of metal was removed from the backstops in order for the lids to open farther back.
At the close of the plaintiff's case, the defendant moved for an involuntary dismissal. The defendant argued that the plaintiff failed to prove that the city of Rayville had actual or constructive notice of any defects in the barbecue pit as required by LSA-R.S. 9:2800.
The trial court agreed that the plaintiff had failed to show a right to relief. The trial court found that the plaintiff failed to show which lid fell on him, whether the plaintiff had completely raised the lid, what caused the lid to fall, or that the city had authorized the use of the barbecue pit. The court also found that the only showing of any notice to the city that there might be a problem with the pits was the fact that one of the lids once fell on the mayor. However, the court noted that the mayor testified that he was negligent in causing that accident. The court found that, even though one witness testified that a lid on one of the barbecue pits once fell on his uncle, the uncle did not testify and there was no showing that the city was ever notified of that incident.
The court granted the defendants' motion for involuntary dismissal and dismissed the defendants' third party demands.
The plaintiff appealed, arguing the trial court erred in granting the motion for involuntary dismissal. The plaintiff asserts the trial court was erroneous in finding that he failed to show actual or constructive notice on the part of the city of a vice or defect in the barbecue pits. The plaintiff also argues that notice under LSA-R.S. 9:2800, or the lack thereof, is an affirmative defense which was not specifically pled by the defendant. The plaintiff also claims he showed at trial that he did have permission to use the pit and that it is immaterial which lid fell on him because he showed that the entire barbecue pit was unreasonably dangerous.

INVOLUNTARY DISMISSAL
The plaintiff claims the trial court erred in granting the defendant's motion for involuntary dismissal. LSA-C.C.P. Art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In a nonjury trial, upon a motion under Article 1810(B) for a judgment of dismissal at the conclusion of the plaintiff's case, the trial judge must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir. 1982), writ denied 415 So.2d 952 (La.1982). If the plaintiff fails in his burden of proof, the granting of a motion for involuntary dismissal is proper.
In order to prove a case by a preponderance of the evidence, all the evidence, when taken as a whole, must show the fact or *1121 cause to be proved is more probable than not. Fussell v. Louisiana Business College of Monroe, Inc., 478 So.2d 652 (La. App. 2d Cir.1985). The trial court has much discretion in determining whether a motion for involuntary dismissal should be granted. Mott v. Babin Motors, Inc., 451 So.2d 632 (La.App. 3rd Cir.1984).
In the present case, the plaintiff pled that the city should be held liable for damage caused to the plaintiff by a defective city owned barbecue pit under the theory of strict liability. Plaintiff also claimed, in the alternative, that the city was negligent in allowing the use of a barbecue pit which the city knew to be defective.
Proof of strict liability on the part of a public entity[1], such as the city of Rayville, is governed by Civil Code Article 2317, as modified by LSA-R.S. 9:2800.
LSA-C.C. Art. 2317 provides in pertinent part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody....
LSA-R.S. 9:2800(B) provides in pertinent part:
B. ... [N]o person shall have a cause of action based solely upon the liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
Under the provisions of this statute, constructive notice means the existence of facts which infer actual knowledge. LSA-R.S. 9:2800(C).
Actual notice is knowledge of dangerous defects or conditions by a corporate officer of employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. Garrett v. Sewerage and Water Board of New Orleans, 235 So.2d 164 (La. App. 4th Cir.1970).
Traditionally, in order to prove a claim of strict liability on the part of a municipal corporation, the plaintiff was required to plead and prove a defect in a publicly owned thing, that the defect caused an unreasonable risk of harm and that his injury was caused by the defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). The 1985 enactment of LSA-R.S. 9:2800 added the notice requirement to the list of factors that must be proved in order to recover against the state or a political subdivision under LSA-C.C. Art. 2317.
At trial, the plaintiff presented medical records, the testimony of a witness to the accident and his own testimony to establish that his finger was broken when one of the lids of the barbecue pit he was using fell upon his hand. He also presented the testimony of a co-worker, Marion Bankston, to show that his injury interfered with his work, at least for a short time following the accident.
The plaintiff then presented the testimony of an expert in mechanical engineering to establish that the barbecue pit possessed a vice or defect in design or construction. This expert testified that the lids of the pits weighed approximately forty-five pounds each, excluding trim, handles and smoke stacks. He testified that the lids were designed to open back against metal stops and were designed to open only a few degrees beyond the equilibrium point or the point at which the lid would be balanced vertically on its hinge. According to the *1122 mechanical engineer, this is an unstable position and the exertion of small amounts of pressure would cause the lid to fall. The expert stated that all the lids on the barbecue pit, as they existed at the time of the accident, were unreasonably dangerous.
The plaintiff then offered evidence attempting to show that the city of Rayville had actual or constructive notice of a vice or defect in the barbecue pits which caused them to easily fall and strike persons using them. The plaintiff called the mayor of Rayville, Joe Kalil, who testified that the city owned the pits and loaned them out to organizations in the community on a regular basis. The mayor also stated that some eight years previously, the lid of one of the barbecue pits fell on his head. However, he stated that he did not lift the lid all the way back against the metal stop before releasing the lid and therefore, the accident was caused by his own negligence and not by any vice or defect in the barbecue pit.
The mayor also stated that the barbecue pits had been owned by the city for a number of years and that no one had complained about having been injured while using the pits.
The plaintiff presented the testimony of Ronnie Sanford, a witness to the plaintiff's accident. In addition to relating events regarding the plaintiff's injury, Mr. Sanford stated that about six or seven years prior to the plaintiff's accident, he observed a lid on one of the barbecue pits fall on his uncle. Mr. Sanford stated that his uncle had been barbecuing on the pit for approximately three hours before the lid fell on his arm. According to Sanford, the lid simply bruised his uncle's arm. The plaintiff did not call Mr. Sanford's uncle to testify nor did he show that the uncle's accident was ever reported to city officials.
Following the close of the plaintiff's case, the defendant moved for involuntary dismissal, claiming that the plaintiff had failed to carry his burden of proof by a preponderance of the evidence. The defendant argued that the plaintiff failed to show that the city had actual or constructive notice of any vice or defect in the barbecue pits, as required by LSA-R.S. 9:2800.
The trial court agreed that the plaintiff had failed to adequately establish his case and granted the defendant's motion for involuntary dismissal.
The trial court found that the plaintiff did show that he was injured by one of the barbecue pits and that the expert testimony was "sufficient to establish this barbecue pit as unreasonably dangerous."[2] However, the fatal flaw in the plaintiff's case, necessarily causing the trial court to grant the defendant's motion for involuntary dismissal, was the lack of a showing of actual or constructive notice of a vice or defect in the barbecue pit. The court stated that the only evidence of prior accidents with the barbecue pit, i.e., the testimony of Mayor Kalil and of Ronnie Sanford, failed to show actual or constructive notice on the part of the city of the existence of a vice or defect in the pits.
The trial court ruling that the plaintiff failed to show actual or constructive notice of a vice or defect in the barbecue pits was correct. Mayor Kalil testified that his own fault caused his accident. Therefore, the circumstances of that accident did not establish notice to the city of a defect in the barbecue pit. Mr. Sanford's testimony revealed that the city was not notified of his uncle's accident. Therefore, the trial court acted within its discretion and was not clearly wrong or manifestly erroneous in granting the defendant's motion for involuntary dismissal.

AFFIRMATIVE DEFENSE
In addition to arguing that he had, in fact, shown actual or constructive notice, *1123 the plaintiff argued that LSA-R.S. 9:2800 did not apply in this case because lack of actual or constructive notice was an affirmative defense that had to be pleaded and proven by the defendant. The plaintiff argues that because the defendant did not plead a lack of actual or constructive notice, the notice issue was not properly before the court at trial. This argument is without merit.
LSA-C.C.P. Art. 1005, dealing with affirmative defenses, provides:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
An affirmative defense is one which raises a new matter not covered by the plaintiff's petition and which will defeat the plaintiff's demand on the merits. Webster v. Rushing, 316 So.2d 111 (La.1975); Langhans v. Hale, 345 So.2d 1226 (La.App. 1st Cir.1977); Mashburn Agency Incorporated v. Universal Engineering & Supply, Inc., 451 So.2d 113 (La.App. 3rd Cir.1984).
The new matter raised must be one not raised by the plaintiff's petition. Mashburn Agency Incorporated v. Universal Engineering & Supply, Inc., supra; Bonnett v. Mize, 556 So.2d 228 (La.App. 2d Cir.1990).
The general purpose of LSA-C.C.P. Art. 1005, in requiring that certain defenses be affirmatively pled, is to give fair notice of the nature of the defense, and thereby prevent last minute surprise to the plaintiff. Webster v. Rushing, supra; Mashburn Agency Incorporated v. Universal Engineering & Supply, Inc., supra.
LSA-C.C. Art. 2317, dealing with strict liability was modified by the enactment in 1985 of LSA-R.S. 9:2800. In order to recover against a public entity such as the city of Rayville, a plaintiff must plead and prove actual or constructive notice in addition to defect or vice, unreasonable risk of harm, causation and injury. Therefore, the clear import of the statute is that, in order to recover, the plaintiff carries the burden of proving that the public entity had actual or constructive notice of the vice or defect.
The showing of such notice is within the plaintiff's burden of proof. Therefore, it cannot be said that this is a new matter, not covered by the plaintiff's petition, which must be proved or disproved by the defendant. Also, it cannot be said that if this issue is not raised by the defendant, it will cause last minute surprise to the plaintiff.
In the present case, we note that the issue of notice was, in fact, raised in the plaintiff's original petition. In the first part of the petition, the plaintiff sets forth the necessary allegations to support a claim of strict liability against the city. Then, in paragraph VI of the petition, the plaintiff alleges:
That RAYVILLE had prior knowledge of the defective design and/or construction of the barbecue pit in question, however, in spite of sufficient advance knowledge of such defect, it took no steps to correct or alleviate such defect.
The plaintiff's petition clearly shows that he alleged knowledge in connection with his strict liability claim. He then, separately and in the alternative, alleged negligence on the part of the city.
Because a showing of actual or constructive notice constituted part of the plaintiff's burden of proof, it was not an affirmative defense that the defendant was required to plead. The question of notice to the city of the alleged vice or defect does not constitute a matter which would cause the plaintiff surprise if not specifically pleaded by the defendant.
At oral argument, plaintiff's counsel stated that he was not aware that the issue *1124 of actual or constructive notice would be a factor at the trial until very shortly before the trial actually began. However, in addition to alleging notice in his petition, the plaintiff put two witnesses before the court in his case in chief in an attempt to establish actual or constructive notice. These factors tend to negate the plaintiff's argument that the notice issue caused surprise to the plaintiff or constituted an affirmative defense.

CONCLUSION
For the above stated reasons, we affirm the trial court judgment granting an involuntary dismissal of the plaintiff's claim against the city of Rayville. All costs in this court, and in the court below, are assessed to the plaintiff, John Fragala, Jr.
AFFIRMED.
NOTES
[1] Public entity is defined in LSA-R.S. 9:2800(E) as the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees and political subdivisions and the departments, agencies, boards, commissions, instrumentalities, officers, officials and employees of such political subdivisions.

A political subdivision includes municipalities which are defined as incorporated cities, towns or villages. Louisiana Constitution of 1974, Article 6, § 44.
[2] The court also stated that the plaintiff failed to prove that he had permission to use the barbecue pit and failed to show which lid fell upon him. Our review of the record shows that the plaintiff did have permission to use the barbecue pit. In addition, although it was never clearly established which lid fell upon the plaintiff, that fact alone does not defeat the plaintiff's claim. The testimony of the mechanical engineer established that all the lids on the pit were unreasonably dangerous.