580 So.2d 1043 (1991)
Myong DEROUIN, Plaintiff-Appellee,
v.
CHAMPION INSURANCE COMPANY, Defendant-Appellant.
No. 89-1286.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*1044 Jack P. Showers, Lafayette, for plaintiff-appellee.
Dorothy J. Kyle, New Orleans, Remy Chaisson, Baton Rouge, for defendant-appellant.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Defendant-in-rule, Tracy Pickerell, suspensively appeals the judgment of the trial court striking out certain factual allegations made by Pickerell in the answer to the petition for damages and imposing LSA-C.C.P. Art. 863 sanctions, including the award of $750 attorney's fees to plaintiff, Myong Derouin. On appeal, Pickerell, the attorney for Champion Insurance Company, contends the trial court erred in: 1) concluding that he made no reasonable inquiry prior to filing the answer to the petition in damages; 2) failing to strictly construe the provisions of LSA-C.C.P. Art. 863; and, 3) not imposing a more lenient sanction.

FACTS
On December 12, 1988, Myong Derouin filed a personal injury suit against Champion Insurance Company for injuries received in a two vehicle rear-end collision in which Derouin was a guest passenger in the lead vehicle.
After receiving the petition and speaking with the adjustor for Champion, Pickerell filed a general denial answer and listed several affirmative defenses. The list of affirmative defenses included:
1) Failure to maintain a proper lookout and warn the driver of the impending collision;
2) Distracting the driver;
3) Failure to wear a safety belt; and,
4) Assumption of the risk.
Shortly thereafter, Derouin filed a motion to strike and for sanctions pursuant to LSA-C.C.P. Art. 863, and alleged that the aforementioned affirmative defenses were not well-grounded in law or in fact.
At the hearing on the motions, Pickerell stated that he prepared the answer after reviewing the petition and consulting with Champion's adjustor. He admitted that there were no facts to suggest that Derouin was anything other than a guest passenger in the lead vehicle, that there were no facts to suggest that she was not wearing a safety belt, and that there were no facts to suggest that she distracted the driver. In addition, Pickerell acknowledged that he was aware that, as a matter of law, a following vehicle in a rear-end collision is presumed at fault and admitted that he was unaware that the Louisiana Supreme Court had eliminated the assumption of the risk doctrine in Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La. 1988). Pickerell refused to amend his answer to remove the groundless accusations.
In its reasons for judgment, the trial court granted the motions to strike and for sanctions. It reasoned that Pickerell failed to conduct a reasonable inquiry into the facts surrounding the accident and the law before asserting the affirmative defenses. The trial court ordered Champion and its attorney of record, Tracy Pickerell, to pay $750 to Derouin as reasonable expenses incurred in contesting the pleading. In addition, the court ordered Tracy Pickerell to meet with the trial judge in chambers at a later date to discuss LSA-C.C.P. Art. 863.

LSA-C.C.P. Art. 863 SANCTIONS
LSA-C.C.P. Art. 863 provides in pertinent part:
"A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

*1045 B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel my present any evidence or argument relevant to the issue of imposition of the sanction."
This article closely tracks the language of Fed.R.Civ.P. 11 and the relevant federal decisions are helpful in its interpretation and application. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2nd Cir.1990).
The attorney must make an objective reasonable inquiry into both the facts and law before filing any pleading. Thomas v. Capital Sec. Services, Inc., 836 F.2d 866 (5th Cir.1988). As stated in Thomas, the considerations in determining whether an attorney has made an objective reasonable factual inquiry include:
1) the time available to the signer for investigation;
2) the extent of the attorney's reliance upon his client for the factual support for the document;
3) the feasibility of a prefiling investigation;
4) whether the signing attorney accepted the case from another member of the bar;
5) the complexity of the factual and legal issues; and
6) the extent to which development of the factual circumstances underlying the claim requires discovery.
Factors for determining whether a reasonable legal inquiry was made include the time available to the attorney to prepare the document, the plausibility of the legal view contained in the document; the pro se status of the litigant, and the complexity of the legal and factual issues. Id.
The sanctioning court has considerable discretion in the type and severity of sanction imposed and will not be disturbed absent manifest error. Ferrier, supra.
In the case sub judice, we find the trial court did not commit manifest error in concluding that Pickerell failed to make an objective reasonable inquiry into the facts surrounding the accident and into the relevant law. Pickerell candidly admitted at the hearing that the only information he possessed when he drafted the answer was Derouin's petition and a sketchy description of the accident provided by a Champion adjustor. Pickerell had no facts before him which suggested that Derouin had distracted the driver or had failed to wear a safety belt. Pickerell also admitted that at the time he filed the answer, he did not realize that the assumption of the risk doctrine had been eliminated in Louisiana.
In brief, Pickerell argues that the affirmative defenses were reasonable given the minimal time for investigation, the extent of his reliance upon his client, Champion, for the factual basis for the document, and the minimal need for discovery prior to trial. We disagree.
*1046 The facts of the case show that Champion was served with the petition in damages on or about December 21, 1988. Pickerell filed the answer on January 10, 1989, based on one telephone call to Champion and a review of the petition. The case was a straightforward rear-end collision suit involving one guest passenger. The record is void of any facts to support the affirmative defenses alleged in the answer.
This court also disagrees with Pickerell's contention that the trial court failed to strictly construe the provisions of LSA-C.C.P. Art. 863(B). Specifically, Pickerell argues that Derouin has not proven that the answer was filed to harass or cause unnecessary delay or needlessly increase the cost of litigation.
LSA-C.C.P. Art. 1005 requires that certain defenses be affirmatively pleaded to give fair notice of the nature of the defense, and thereby prevent a last minute surprise to the plaintiff. Mashburn Agency v. Universal Engineering, 451 So.2d 113 (La.App. 3rd Cir.1984).
Where the defendant files an answer which includes multiple affirmative defenses, the plaintiff is on notice and should reasonably expect that any one or a number of the defenses mentioned will be offered in court. To determine the validity of these affirmative defenses, the plaintiff must conduct additional discovery. This additional discovery slows the litigation process and increases the cost of litigation.
Lastly, Pickerell contends the trial court erred in not imposing a more lenient sanction.
Once the trial court has determined that LSA-C.C.P. Art. 863 has been violated, the court shall impose an appropriate sanction which may include the award of reasonable attorney's fees and reasonable expenses incurred. In other words, the imposition of sanctions is mandatory when the court determines LSA-C.C.P. Art. 863 has been violated. The "reasonableness" finding must also include the goals of deterrence, punishment, and compensation. "Reasonable" does not necessarily mean actual expenses. Thomas, supra.
The trial court's discretion in setting reasonable attorney's fees may be properly exercised without the necessity of evidence directly bearing on the amount of the fees since the court may infer from what took place before it, the time spent by the attorney and the value of the services rendered. Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3rd Cir.1983), writ denied, 443 So.2d 1123 (La.1984).
A review of the complete record shows that the trial court was not manifestly erroneous in imposing sanctions and attorney's fees of $750.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Tracy Pickerell.
AFFIRMED.