ON REHEARING

DOMENGEAUX, Chief Judge.
We granted a rehearing in this matter for the limited purpose of reviewing the amount of attorney’s fees awarded by the trial court.
The trial court awarded $6,187.00 as “additional attorney’s fees.” This amount represents an approximation of the extra fees incurred by the Bank as a result of the actions of the debtor and his attorney. In an effort to prove that extra fees were incurred, the Bank submitted a time sheet prepared by its attorneys showing the work that had been done on the collection of this debt, both in this executory proceeding and in the debtor’s bankruptcy proceedings which were instigated in an effort to delay the executory proceeding. The time sheet showed 161.75 hours, but it did not show the hourly rate at which the Bank was billed for this work.
The trial judge considered the time sheet offered into evidence and considered the testimony of a Bank employee who said that subsequent to the sheriffs sale, the Bank had spent approximately $6,200.00 in attorney’s fees which had not been rebated or otherwise collected. The trial judge considered this evidence and determined that $6,187.00 would be an appropriate amount to compensate the Bank for the extra attorney’s fees incurred as a result of the actions of the debtor and his attorney. This amount was not proved at trial .to be the actual amount of extra fees incurred.
La.C.C. Art. 863 provides for the imposition of an appropriate sanction which may include the award of reasonable attorney’s fees. In Derouin v. Champion Ins. Co., 580 So.2d 1043 (La.App. 3d Cir.1991), writ denied, 585 So.2d 574 (La.1991), this court concluded that the reasonableness finding must also include the goals of deterrence, punishment, and compensation. Furthermore, the determination of reasonable attorney’s fees is within the trial court’s great discretion.
In this case, the trial judge was presented with evidence of attorney’s fees, a portion of which were apparently incurred in the bankruptcy proceedings. However, those fees were not clearly and unambiguously distinguished from the fees incurred by the Bank in the state court proceeding. The parties did not categorize of otherwise distinguish the fees for the trial court’s benefit. Therefore, we conclude the trial judge may have inadvertently based the award of “additional attorney’s fees” partially on the fees incurred in the bankruptcy proceedings. Accordingly, given this scenario, we believe the award should be reduced.
We have again reviewed the evidence in detail. We find that approximately 25% of the charges reflected on the time sheet prepared by the Bank’s attorneys are for the bankruptcy work. Therefore, we reduce the award made by the trial court by $1,500.00 or approximately 25%.

DECREE

The trial court’s award in favor of Gulf Coast Bank and against Douglas J. Robino, Sr. and George Tate is hereby reduced by *1197 $1,500. In all other respects, the judgment of the trial court, which was affirmed by this Court on original hearing, is reinstated.
AFFIRMED, AS AMENDED.
SAUNDERS, J., dissents for the reasons assigned in his original dissenting opinion.