WALTZER, Judge.
The city of New Orleans appeals a judgment, after trial, awarding the plaintiff, Carol Susman, $18,400.00. The city assigns four errors concerning factual issues. First, they complain that the record does not contain sufficient evidence of the city’s knowledge of the defective stop sign. Next, they complain that the city did not have a reasonable opportunity to remedy the defect. Finally, the city argues that the damage award was excessive and the allocation of fault was erroneous.
STATEMENT OF FACTS
At approximately one o’clock on the morning of 5 December 1993, an employee, Officer Anthony Mendoza, of the New Orleans Police Department stopped an unidentified person for disregarding a stop sign at the corner of Thalia and Baronne. The unidentified person informed Officer Mendoza that the stop sign at the corner of Thalia and Baronne was facing the other way. Officer. Mendoza then confirmed that the stop sign was twisted and facing the wrong way. ^Furthermore, Officer Mendoza called his dispatcher and asked him to contact the Streets Department and have the sign repaired immediately.
At midday on 6 December 1993, the plaintiff traveled down Thalia Street and, without stopping, proceeded through the intersection of Thalia and Baronne, when another vehicle struck her. Susman did not see a sign directing her to stop at the intersection, although she admits seeing the other unyielding vehicle before the collision. Plaintiff’s vehicle suffered two collisions in this single accident. The second vehicle struck her rear bumper, and then her car struck a utility pole.
Susman suffered both property damage and physical injury. Plaintiff sold her car for $250.00, and the stipulated appraisal indicated its value of $3000.00. She suffered contusions to her head, small abrasions and contusions to her left thigh, and muscular li-gamentous injury to the neck. Furthermore, her injuries continued for a period of over eight months. Plaintiff sought treatment after the accident from Dr. Gary Carroll and continued treatment for several months. Her medical bills totaled $620.00. She also *1192 suffered some psychological injury from this accident. She still fears driving.
After trial, the trial court concluded that the city had enough time and had reasonable notice in order to fix the situation in advance of the accident. Thus, the trial court rendered judgment against the city and for Sus-man in an amount totaling $18,400.00.
[¡STANDARD OF REVIEW
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96); 666 So.2d 612, 614.
FIRST ASSIGNMENT OF ERROR: The trial court erred by concluding that the city had notice of the defect.
The trial court concluded that the city had notice of the defect, in excess of twenty-four hours before the plaintiffs accident. La.R.S. 9:2800(B) provides:
Except as otherwise provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
When a police officer, employed by the city and charged with a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities, learns of a defect prior to the incident, the city had actual notice of the defect. Purolator Courier Corp. v. City of New Orleans, 93-1068 (La.App. 4 Cir. 3/29/94); 635 So.2d 1232, 1233, writs denied by 94-1509, 94-1542 (La.9/23/94); 642 So.2d 1296-97; quoting Fragala v. City of Rayville, 557 So.2d 1118, 1121 (La.App. 2 Cir.1990), writ denied 561 So.2d 103 (La.1990).
The record contains testimony from Steven B. Doty, a private investigator, employed by plaintiffs counsel. Doty testified that he reviewed records of the city’s Department of Streets, NOPD’s sixth district and interviewed Officer [(Mendoza. Doty further testified about the content of the records and his interview with Officer Mendoza. Plaintiff called Officer Mendoza to the stand at trial, and he testified that he did not remember either the traffic stop of 5 December 1993, or the interview with Doty.
From Doty’s testimony we learn that Officer Mendoza stopped someone at the intersection of Thalia Street and Baronne Street in the early morning of Sunday, 5 December 1993. Officer Mendoza learned of the defect with the stop sign and notified his dispatcher.
The city, at trial, did not object to Doty’s testimony that Officer Mendoza knew about the defect before plaintiffs accident. Furthermore, the City introduced no evidence to contradict Doty’s testimony. The city argues that two witnesses called by plaintiff gave conflicting testimony. We find no evidence of this argument in the record. Officer Mendoza testified that he did not remember the incident, but Doty testified about the information found in the police records and his interview with Officer Mendoza in early 1994. The testimony of these two witnesses does not conflict. Moreover, if two witnesses had given conflicting statements, we are not inclined to substitute our judgment for that of the trial court. Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989). Accordingly, we find no error with the trial court’s conclusion that the city, through Officer Mendoza, had actual notice of the defect.
SECOND ASSIGNMENT OF ERROR: The trial court erred by concluding that the city had a reasonable opportunity to repair the defect.
The city argues that it did not have a reasonable opportunity to repair the defective stop sign. The city relies on a decision in another suit, in which the court determined that “if this was enough notice to put DOTD on constructive notice of fethe defect, we cannot say that they had a reasonable opportunity to correct the situation. Less than eight hours passed from the time Officer Raleigh noticed the sign until the accident occurred.” Tucker v. Pinder, 93-563 *1193 (La.App. 3 Cir. 2/2/94); 631 So.2d 735, 737, units denied by 94-0515 and 95-0547 (La.4/7/94); 635 So.2d 1138.
The evidence proves that Officer Mendoza knew of the defect, the twisted stop sign, for a period well in excess of eight hours. Although Officer Mendoza learned of the accident on a Sunday, we find no evidence in the record to support the city’s allegations that time on Sundays should not be considered in determining whether the public entity had a reasonable opportunity to repair a defect. Moreover, we are not called upon to determine whether such evidence would persuade this court, since the city failed to offer such proof.
Officer Mendoza learned of the defect in the early morning hours of 5 December 1993. Susman’s accident occurred at approximately noon on 6 December 1993. The city had ample notice and opportunity to repair the sign before the accident. We find no error with the trial court’s conclusion.
THIRD ASSIGNMENT OF ERROR: The trial court erred by awarding the plaintiff damages in the amount of $15,000.00.
The city argues that the trial court abused its discretion by awarding an excessive amount of damages. The trial court awarded Susman $15,000.00 for her damages.
The initial inquiry is whether the award for particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the fact finder. Youn v. Maritime Overseas Corp., 92-3017 (La.9/3/93); 623 So.2d 1257. Only after such a-determination of abuse of ^discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Id.
Our careful review of the entire record establishes that plaintiff suffered numerous injuries from the accident. Susman testified that the accident caused two collisions. Her 1973 four door Mercedes was severely damaged. Her head struck the front window in the accident. She suffered abrasions and contusions to her head and legs and musculo-ligamentous injuries to the neck. She treated immediately after the accident and for approximately nine months with the same doctor, Dr. Gary Carroll, internal medicine. She was discharged from his care and treatment on 14 November 1994. Susman also testified that she suffered numerous aches and pains after the accident for several months. She also suffers some fear of driving which she associates with the accident. She was also inconvenienced after the accident because she had no transportation and she physically could not do all of the activities, which she engaged in before the collision.
The record clearly supports the finding that Susman suffered physical injury. After our review of the entire record, we do not find any abuse of the trial courts’ much discretion in its calculation of damages.
FOURTH ASSIGNMENT OF ERROR: The trial court erred by allocating the entire fault for the accident to the city.
- Essentially, the city argues that the trial court erred by failing to find that Susman’s fault caused the accident. The city asks this court to take notice of facts of which we find no evidence in the record.
frSusman testified that she saw the approaching vehicle before the collision, that she attempted to avoid the accident, but that the cars did indeed collide. Moreover, she told the trial court that no sign or other traffic control device directed her to stop, slow or yield. Furthermore, she reported that she was not familiar with the intersection at which the accident occurred. The city offered no evidence to contradict this testimony.
After a review of the record, we find no evidence of Susman’s fault. Therefore, we find no error in the trial court’s determination that only the city’s fault caused the accident.
CONCLUSION
For the above reasons, we find no error in the trial court’s findings that the city had actual notice of the defect, the twisted stop sign, and that the city had more than twenty-four hours,' a reasonable opportunity, to repair the defect. We do not find that the trial court abused its discretion in awarding $15,- *1194 000.00 to Susman for her damages from the collision. Finally, we find no error with the trial court’s determination that only the city’s fault caused the accident. Accordingly, we affirm the trial court’s judgment.
AFFIRMED.
JONES, J., CONCURS.